HENRY DAVIS AND ROBERT N. HAWES *Surviving Syndicate Managers of the Little Kanawha Syndicate v.* DAVIS TRUST COMPANY, *a corporation,* JOHN T. DAVIS AND DAVIS ELKINS, *Surviving Executors of the Last Will and Testament of* HENRY G. DAVIS, *deceased.*

*and*

HENRY DAVIS AND ROBERT N. HAWES, *Surviving Syndicate Managers of the Little Kanawha Syndicate v.* DAVIS TRUST COMPANY, *a Corporation, and* DAVIS ELKINS, *Surviving Executors of the Last Will and Testament of* STEPHEN B. ELKINS, *deceased.*

(No. 7314)

Submitted October 18, 1932. Decided November 15, 1932.

*Brown, Jackson & Knight,* and *Bryan, Williams, Cave & McPheeters,* for plaintiffs in error.

*S. T. Spears,* for defendants in error.

LITZ, JUDGE:

A voluntary association, designated Little Kanawha Syndicate, was formed under a written contract dated December 2, 1901, between George J. Gould, Joseph Ramsey, Jr., and William E. Guy, managers of the syndicate, and the subscribers to interests therein, for the purpose of purchasing, building and operating railroads in West Virginia and Ohio, and of purchasing, selling and operating coal lands in West Virginia. The agreement, signed by the syndicate managers, substantially provides that each subscriber or holder of a certificate of interest in the syndicate shall be treated as a party to the contract as fully as if signing the same, and liable to the managers to the extent of and in proportion to his subscription for the obligations of the syndicate; that the syndicate shall continue for three years after February 1, 1902, and for such further period thereafter as the syndicate managers in their discretion find reasonably necessary or advisable in the interests of the syndicate subscribers; that the syndicate managers are to be subscribers to the syndicate, but that they may, in their discretion, appoint as associates with themselves in the performance of the duties imposed by the agreement, "suitable persons", as additional syndicate managers, who shall, with the syndicate managers signing the agreement, possess and exercise all the powers conferred upon the syndicate managers by the terms of the contract. In accordance with the syndicate agreement, a certificate was issued and delivered by St. Louis Union Trust Company (fiscal agent of the syndicate) to Henry G. Davis, May 26, 1902, evidencing his subscription of $250,000.00 to the syndicate, and constituting him a party to the agreement. A like certificate was issued and delivered to Stephen B. Elkins May 29, 1902. In 1928, William E. Guy, as sole surviving syndicate manager, appointed Henry Davis and Robert N. Hawes, of St. Louis, Missouri, associate managers with himself.

Guy having died, these actions were instituted August 16, 1929, by Henry Davis and Robert N. Hawes, as surviving managers of the syndicate, against the respective estates of Henry G. Davis and Stephen B. Elkins, deceased, to recover the proportionate liabilities of these estates for an alleged in-

debtedness of the syndicate. The general issue and special pleas were filed in each case to which the plaintiffs replied generally and issue was thereon joined.

Upon submission to the court in lieu of a jury, the actions were dismissed on the ground that plaintiffs, not being subscribers to the syndicate, were ineligible to serve as managers. This ruling is clearly erroneous, as associate or additional managers provided for in the syndicate agreement were required to be merely "suitable persons" and not otherwise qualified. The plaintiffs are "suitable persons" within contemplation of the agreement.

The numerous questions raised on the merits and which have not been considered by the trial court must remain unanswered by this court until their determination below. "This court will not review questions which have not been decided by the lower court." *Cameron* v. *Cameron*, 105 W. Va. 621, 149 S. E. 349, 352.

The cases are, therefore, reversed and remanded.

*Reversed and remanded.*