AETNA CASUALTY AND SURETY COMPANY

*v.*

FEDERAL INSURANCE COMPANY OF NEW YORK

(No. 12220)

Submitted September 17, 1963.  Decided December 10, 1963.

162

*Donell & Tarr, Donald R. Donell, Floyd R. Tarr, W. Dean DeLaMater,* for appellant.

*Thomas B. Miller, Schmidt, Laas, Schrader & Miller, Arthur M. Recht,* for appellee.

HAYMOND, JUDGE:

This is a controversy between two insurance companies which issued separate policies of fire insurance upon personal property owned by John T. Defibaugh and Edward Shane, doing business as Modern Home Appliance, in Weirton, Hancock County, West Virginia, consisting of household appliances and merchandise. A considerable quantity of the insured property, located in the store of Modern Home Appliance at 3166 Main Street, in Weirton, West Virginia, was destroyed or damaged by fire which occurred on August 15, 1961. All the property so destroyed or damaged was insured by policies issued by the plaintiff Aetna Casualty and Surety Company, a corporation, and a portion of the property was also included in and allegedly insured by a policy issued by the defendant Federal Insurance Company of New York, a corporation. Morris Plan Savings and Loan Company, a corporation, was a creditor of Modern Home Appliance in the principal amount of $3,812.84 before the fire occurred and the indebtedness of Modern Home Appliance to Morris Plan Savings and Loan Company was secured by liens or encumbrances upon the property insured by the defendant for the benefit of Morris Plan Savings and Loan Company during the existence of the indebtedness of Modern Home Appliance. After negotiations between the plaintiff and the defendant, in which the defendant refused to recognize liability and pay for the fire loss to the property included in its policy of insurance, the plaintiff paid the total net loss incurred by Modern Home Appliance, including the net loss of $2,490.50 to the property mentioned in

the policy issued by the defendant. The plaintiff then instituted this action in the Circuit Court of Hancock County to recover that sum with interest from the defendant.

Pursuant to Rule 12 and Rule 56 of the West Virginia Rules of Civil Procedure the defendant filed a motion to dismiss the complaint and for summary judgment in its behalf upon the grounds, among others, that the complaint failed to state a cause of action upon which relief can be granted, that the plaintiff and the defendant were parties to an agreement and other written instruments, copies of which were filed as an exhibit, which provided that the insurance policy of the defendant was in excess of the specific fire insurance issued by the plaintiff and precluded any recovery by the plaintiff from the defendant, and that before the fire occurred Modern Home Appliance had discharged its indebtedness to Morris Plan Savings and Loan Company, the assured in the policy issued by the defendant, and, as the interest of Morris Plan Savings and Loan Company had terminated, the policy issued by the defendant was not in effect and afforded no coverage at the time of the fire. The defendant attached and filed with its motion a copy of the insurance policy issued by it, designated "Exhibit A", copies of the agreement and other written instruments, designated "Exhibit B", and an affidavit of E. R. Moore, a representative of Morris Plan Savings and Loan Company, designated "Exhibit C".

Under Rule 56 of the West Virginia Rules of Civil Procedure the plaintiff filed a counter motion for summary judgment in its behalf and attached and filed with its motion the affidavit of Edward Shane, one of the owners of Modern Home Appliance, designated "Exhibit 1". The ground assigned in support of the motion of the plaintiff was that the pleadings and the exhibits filed with the motion of the defendant and the affidavit filed with the motion of the plaintiff entitled the plaintiff to summary judgment in its behalf.

The matters arising upon the respective motions of the plaintiff and of the defendant for summary judgment

were submitted for decision and by its final order entered October 30, 1962, the circuit court, in accordance with its corrected memorandum of opinion filed as a part of the record in this proceeding, sustained the motion of the defendant and overruled the motion of the plaintiff, and rendered summary judgment in favor of the defendant which adjudged that the plaintiff take nothing and that the defendant recover its costs from the plaintiff. From this final judgment this Court granted this appeal upon the application of the plaintiff.

It affirmatively appears from the memorandum of opinion filed by the circuit court that it entertained the view that in its consideration of the case only two questions were presented for its decision. These were (1) whether, at the time of the fire, the policy issued by the defendant was in effect and afforded insurance coverage as a matter of law; and (2) whether, if there was insurance coverage, the plaintiff was entitled to contribution or contribution was precluded by the agreement between the plaintiff and the defendant embraced in "Exhibit B", filed with the motion of the defendant for summary judgment. It also clearly appears from the memorandum of opinion that the circuit court sustained the motion of the defendant on the ground that the delivery of a check for the amount of its indebtedness by Modern Home Appliance to a representative of Morris Plan Savings and Loan Company, a short time before the fire occurred on August 15, 1961, payment of which was stopped by Modern Home Appliance on the following day and within several hours after the fire occurred terminated the interest of Morris Plan Savings and Loan Company in the property insured by the defendant and relieved it from liability under the policy, and that in reaching its decision the circuit court did not consider or determine the question of the effect of the agreement between the plaintiff and the defendant with respect to the right of the plaintiff to contribution from the defendant.

Though the plaintiff assigns numerous errors for reversal of the judgment, the controlling question presented by its assignment of errors is whether delivery of the check in the circumstances disclosed by the record con-

stituted an absolute or a conditional payment by Modern Home Appliance of its indebtedness to Morris Plan Savings and Loan Company and whether such check terminated the interest of Morris Plan Savings and Loan Company in the property destroyed or damaged by the fire and operated to relieve the defendant of liability under its policy of insurance.

On and prior to August 15, 1961, the plaintiff insured against fire loss by two policies the contents of the store of Modern Home Appliance. As already indicated the insured property consisted of household appliances and merchandise. In connection with floor plan arrangements between Modern Home Appliance and Morris Plan Savings and Loan Company, the defendant also insured a portion of the property in the store of Modern Home Appliance under a fire insurance policy issued August 1, 1958, which was obtained by Morris Plan Savings and Loan Company at the expense of Modern Home Appliance. This policy provided that liability should attach only when the insured property was subject to the risk of Morris Plan Savings and Loan Company, the assured, and should cease upon termination of its interest in such property or when such property should be sold and delivered or otherwise disposed of by the dealer, Modern Home Appliance.

On August 15, 1961, E. R. Moore, a representative of Morris Plan Savings and Loan Company, visited the store of Modern Home Appliance in Weirton, West Virginia, and discussed with the owners of Modern Home Appliance the matter of placing all of its floor plan merchandise with one financial institution instead of continuing to place portions of it with two separate financial institutions. During the discussion between those parties Modern Home Appliance decided to discontinue its financing arrangement with Morris Plan Savings and Loan Company and delivered to Moore a check for $3,812.84, the amount of the total indebtedness of Modern Home Appliance to Morris Plan Savings and Loan Company. A few hours after this transaction was concluded a fire occurred at the store of Modern Home Appliance and much of the contents, including the property mentioned in the insurance policy

issued by the defendant, was destroyed or damaged. After the fire occurred but before the check could be presented for payment Modern Home Appliance issued a stop payment order, pending the determination of the extent of its fire loss coverage, and that check was never paid or presented for payment. On September 12, 1961, another check in the amount of $3,812.84 was delivered to Morris Plan Savings and Loan Company, payment of which was made to that company, and on September 13, 1961, the additional sum of $18.95, representing the amount of interest on the foregoing indebtedness from August 15, 1961 to September 13, 1961, was also paid to Morris Plan Savings and Loan Company.

The affidavit of E. R. Moore, filed with the motion of the defendant, contains, among others, these statements: That on August 15, 1961, Moore was employed by Morris Plan Savings and Loan Company in Wheeling; that on that date he visited Modern Home Appliance, at Weirton, West Virginia, and talked with its owners concerning financial arrangements for certain merchandise, commonly known as a floor plan arrangement; that at that time Modern Home Appliance owed Morris Plan Savings and Loan Company the sum of $3,812.84 on a floor plan arrangement; that Modern Home Appliance also had a floor plan arrangement for some of its merchandise with Union Savings Bank, of Steubenville, Ohio; that after discussing with the owners of Modern Home Appliance the matter of placing all of the merchandise covered by the floor plans of Modern Home Appliance with either the Morris Plan Savings and Loan Company or the Union Savings Bank it was the decision of the owners of Modern Home Appliance to terminate their floor plan arrangement with Morris Plan Savings and Loan Company and in accordance with that decision they presented to Moore their check for $3,812.84, drawn on the Peoples Bank of Weirton; that the check which was dated August 15, 1961, represented the entire balance then due and owing to Morris Plan Savings and Loan company in connection with its floor plan financial arrangement with Modern Home Appliance; that later in the afternoon of August 15, 1961,

Moore returned to Wheeling, West Virginia, with the check in his possession but did not go to his office until August 16, 1961; that before the check could be cashed the owners of Modern Home Appliance made known that a fire had occurred at the store during the evening of August 15, 1961, which damaged certain goods, including the equipment formerly covered by the floor plan arrangement with Morris Plan Savings and Loan Company; that the owners of Modern Home Appliance, under instructions from their attorney, stopped payment on the check until they were more fully advised as to the extent of their insurance coverage; and that subsequently Modern Home Appliance paid the balance of $3,812.84, due and owing to Morris Plan Savings and Loan Company.

The affidavit of Edward Shane, one of the owners of Modern Home Appliance, filed with the counter motion of the plaintiff for summary judgment, contains, among others, these statements: That he was in partnership with John T. Defibaugh, doing business as Modern Home Appliance, and had personal knowledge of business transactions of the partnership; that he has read the affidavit of E. R. Moore, filed in this action, and that the facts, insofar as they are presented in that affidavit, are true; that at the time the check in the amount of $3,812.84 was given to E. R. Moore on August 15, 1961 and during the negotiations in connection with the issuance of the check there was no agreement, and E. R. Moore did not represent that he had any authority to agree, that the giving of such check would absolutely and forever discharge the obligation of Modern Home Appliance to Morris Plan Savings and Loan Company; that the fire loss occurred later in the day of August 15, 1961, and that on August 16, 1961 a stop payment order was issued on the check at the request of John T. Defibaugh and Morris Plan Savings and Loan Company was so advised.

It is clear from the statements in the two foregoing affidavits, which contain all the evidence and which together with the complaint and the other exhibits filed with the motion of the defendant for summary judgment, constituted the basis for both motions for summary judgment, that

a genuine issue of fact exists as to whether there was an agreement, express or implied, between Modern Home Appliance and Morris Plan Savings and Loan Company that the delivery of the check, regardless of its subsequent payment, should constitute an absolute payment of the indebtedness owing by Modern Home Appliance to Morris Plan Savings and Loan Company.

The statement in the affidavit of Moore that it was the decision of the owners of Modern Home Appliance to terminate their floor plan arrangement with Morris Plan Savings and Loan Company and that in accordance with that decision they presented to him their check in the amount of $3,812.84 could well be considered as evidence of an implied agreement that the delivery of the check constituted absolute payment of the indebtedness. It is manifest that the circuit court entertained the view that the termination, upon the giving of the check, of all relations of Modern Home Appliance with Morris Plan Savings and Loan Company was evidence of an agreement that the delivery of the check was intended to be an absolute payment of its existing indebtedness. This is indicated by the statement in the memorandum of opinion that "If the Court understands the facts as agreed, the Modern Home Appliance Company had issued a check to pay off in full the Morris Plan Savings & Loan Company, and certainly their intentions at said time must be construed as a termination, upon the giving of the check, of all relations with said lending institution." On the contrary the positive statement of Edward Shane, in his affidavit, that no agreement existed in connection with the delivery of the check is evidence that no such agreement, express or implied, in fact existed.

The rule adhered to by this Court and recognized by the weight of authority concerning the delivery of a check is that, in ordinary transactions, a check given by a debtor in payment of his indebtedness to the payee does not constitute payment of the debt unless there is an agreement, express or implied, that the check constitutes such payment. *State* v. *Stout*, 142 W. Va. 182, 95 S. E. 2d 639, 59 A.L.R. 2d 1154; *State ex rel. Department of Unemploy-*

*ment Compensation* v. *Continental Casualty Company,* 130 W. Va. 147, 42 S. E. 2d 820; *Hare* v. *Connecticut Mutual Life Insurance Company,* 114 W. Va. 679, 173 S. E. 772; *Nuzum* v. *Sheppard,* 87 W. Va. 243, 104 S. E. 587, 11 A.L.R. 1024; *Garrett* v. *Patton,* 81 W. Va. 771, 95 S. E. 437; *Sayre* v. *King,* 17 W. Va. 562; *Cox* v. *Boone,* 8 W. Va. 500, 23 Am. Rep. 627; 70 C.J.S., Payment, Section 24 (b) ; 40 Am. Jur., Payment, Section 72. In *Hare* v. *Connecticut Mutual Life Insurance Company,* 114 W. Va. 679, 173 S. E. 772, the syllabus is in these words: "In the absence of a special agreement to the contrary the acceptance of a check in payment is conditional upon the integrity of the check." In *State ex rel. Department of Unemployment Compensation* v. *Continental Casualty Company,* 130 W. Va. 147, 42 S. E. 2d 820, the opinion contains these statements: "The rule recognized by the weight of authority is that, in ordinary transactions, a check or a draft given by a debtor in payment of his indebtedness to the payee does not, unless there is an agreement, express or implied, to that effect, constitute payment of the debt. 42 C.J., Page 610. The presumption in such case is that the check or the draft is accepted on condition that it shall be paid." It has been held that in order that a check may have the effect of payment, both the debtor and the creditor must intend that it shall discharge the indebtedness. *Ward* v. *Tadlock,* Tex. Civ. App. 183 S. W. 2d 739.

Under the foregoing rule, if there was an agreement, express or implied, between Modern Home Appliance and Morris Plan Savings and Loan Company at the time of its delivery that the check was given and accepted as an absolute payment of the then existing indebtedness of Modern Home Appliance the debt was extinguished even though the check, as in this instance, was never presented or paid and there would be no liability by the defendant for the payment of any loss occasioned by the fire to the property included in its policy of insurance. If, however, there was no such agreement, express or implied, the indebtedness of Modern Home Appliance was not discharged, the creditor Morris Plan Savings and Loan Company had an insurable interest in the property mentioned

in the policy of insurance issued by the defendant and the insurance coverage provided by the policy for the property damaged or destroyed continued in full force and effect. As there is a disputed issue of fact as to the question of the effect of the delivery of the check, dependent upon the existence of such agreement, this issue must be determined upon a trial of the action and it can not properly be determined upon motion for or by the entry of summary judgment.

On a motion for summary judgment all papers of record and all matters submitted by both parties should be considered by the court. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1236; *Burnham Chemical Company* v. *Borax Consolidated Company*, 9 Cir., 170 F. 2d 569, certiorari denied, 336 U. S. 924, 69 S. Ct. 655, 93 L. Ed. 1086; *Corn* v. *United American Life Insurance Company*, D. C. Colo, 104 F. Supp. 612; *Wyant* v. *Crittenden*, 72 App. D. C. 163, 113 F. 2d 170.

Inasmuch as the record, consisting of the complaint, the motion of the defendant, the counter motion of the plaintiff, for summary judgment, and the exhibits, including the affidavit of Moore and the affidavit of Shane, considered by the circuit court and on which the respective motions for summary judgment were based, discloses that there is actually a genuine issue as to the material fact whether there was or there was not a special agreement that the check should constitute an absolute payment of the existing indebtedness of Modern Home Appliance, the summary judgment procedure provided by Rule 56 (c) of the West Virginia Rules of Civil Procedure was not applicable; the circuit court should have denied the motion of the defendant for summary judgment, as it denied the counter motion of the plaintiff for summary judgment; and the action of the circuit court in granting the motion of the defendant and in entering summary judgment in its favor constituted reversible error.

Rule 56 (c) establishes the standard for determining whether a summary judgment in a given situation is proper and should be granted. That rule, to the extent

here pertinent, provides that "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Under the applicable rule a motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. *Shafer* v. *Reo Motors, Inc.*, 108 F. Supp. 659, affirmed, 3 Cir., 205 F. 2d 685; *Clarke* v. *Montgomery Ward and Company*, 4 Cir., 298 F. 2d 346. If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1234, and the many cases cited in footnotes 47 and 48. The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1234, and the many cases cited in footnote 50. A party is not entitled to summary judgment unless the facts established show a right to judgment with such clarity as to leave no room for controversy and show affirmatively that the adverse party can not prevail under any circumstances. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1234. On a motion for summary judgment the court can not summarily try factual issues and may consider only facts which are not disputed or the dispute of which raises no substantial factual issue. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1234, and the cases cited in footnotes 59 and 60. A motion for summary judgment must be denied if varying inferences may be drawn from evidence accepted as true. *Cameron* v. *Vancouver Plywood Corporation*, 9 Cir., 266 F. 2d 535. A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to

the existence of such issue is resolved against the movant for such judgment. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1235, and the many cases cited in footnotes 89.2 and 90.

The summary judgment procedure provided by Rule 56 of the West Virginia Rules of Civil Procedure, which is practically identical with Rule 56 of the Federal Rules of Civil Procedure, does not infringe upon the constitutional right of a party to a trial by jury. It is not a substitute for a trial, or a trial either by jury or by the court of an issue of fact, but is a determination that, as a matter of law, there is no issue of fact to be tried. Point 7, syllabus, *Petros* v. *Kellas,* 146 W. Va. 619, 122 S. E. 2d 177; 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1234, and the many cases cited in footnotes 84, 85 and 86. See also *Sartor* v. *Arkansas Natural Gas Corporation,* 321 U. S. 620, 64 S. Ct. 724, 88 L. Ed. 967; *Kirkpatrick* v. *Consolidated Underwriters,* 4 Cir., 227 F. 2d 228; *Pierce* v. *Ford Motor Company,* 4 Cir., 190 F. 2d 910. Even in cases in which the trial judge is of the opinion that he should direct a verdict for one or the other of the parties on the issues involved, he should nevertheless ordinarily hear evidence and upon a trial direct a verdict rather than to try the case in advance on a motion for summary judgment. *Petros* v. *Kellas,* 146 W. Va. 619, 122 S. E. 2d 177; *Kirpatrick* v. *Consolidated Underwriters,* 4 Cir., 227 F. 2d 228; *Curto's Inc.* v. *Krich-New Jersey, Inc.,* D.C.N.J., 193 F. Supp. 235. If it appears that there is a genuine issue as to any material fact to be tried, the motion for summary judgment must be denied and the case will then be tried in the usual way. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1234, and the many cases cited in footnote 51.

The denial of a summary judgment is a finding that there is an issue of fact to be tried and is not a decision on the issue. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1234. The denial of a motion for summary judgment means that there is an undisposed of issue of fact to be determined upon the trial

and that such issue is not determined by the denial of a motion for summary judgment. *Van Alen* v. *Aluminum Company of America,* D.C.N.Y., 43 F. Supp. 833. An order denying a motion for summary judgment is merely interlocutory, leaves the case pending for trial, and is not appealable, except in special instances, not here present, in which an interlocutory order is appealable. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1242; *Valdosta Livestock Company* v. *Williams,* 4 Cir., 316 F. 2d 188; *Burleson* v. *Canada,* 4 Cir., 285 F. 2d 264; *Doehler Metal Furniture Company, Inc.* v. *United States,* 2 Cir., 149 F. 2d 130; *Jones* v. *St. Paul Fire and Marine Insurance Company,* 5 Cir., 108 F. 2d 123.

A motion by each of two parties for summary judgment does not constitute a determination that there is no issue of fact to be tried; and both motions should be denied if there is actually a genuine issue as to a material fact. When both parties move for summary judgment each party concedes only that there is no issue of fact with respect to his particular motion. 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Section 1239. Headnote 1 to the case of *Walling* v. *Richmond Screw Anchor Company,* 2 Cir., 154 F. 2d 780, certiorari denied, 328 U. S. 870, 66 S. Ct. 1383, 90 L. Ed. 1640, is expressed in these words: "The mere fact that each side moves for a summary judgment does not necessarily establish that there is no issue of material fact, for, although a defendant may, on his own motion, assert that, accepting his legal theory, facts are undisputed, he may be able and should be allowed to show that, if plaintiff's legal theory be adopted, a genuine dispute as to a material fact exists." See also *Begnaud* v. *White,* 6 Cir., 170 F. 2d 323; *Hycon Manufacturing Company* v. *H. Koch and Sons,* 9 Cir., 219 F. 2d 353, certiorari denied, 349 U. S. 953, 75 S. Ct. 881, 99 L. Ed. 1278; *F.A.R. Liquidating Corporation* v. *Brownell,* 3 Cir., 209 F. 2d 375; *Lichten* v. *Eastern Air Lines, Inc.,* 87 F. Supp. 691, affirmed, 2 Cir., 189 F. 2d 939, 25 A.L.R. 2d 1337.

As previously indicated the circuit court did not consider and determine the question whether, if there was

insurance coverage, the plaintiff is entitled to contribution from the defendant or whether contribution is precluded by the agreement between the plaintiff and the defendant embraced in the exhibit filed with the motion of the defendant for summary judgment. For that reason this Court, having no original jurisdiction but only appellate jurisdiction of this action, will not determine that question upon this appeal. *In re: The Estate of Amanda Nicholas,* 142 W. Va. 80, 94 S. E. 2d 452; *Reece v. Hall,* 142 W. Va. 365, 95 S. E. 2d 648; *Pope v. Edward M. Rude Carrier Corporation,* 138 W. Va. 218, 75 S. E. 2d 584; *Means v. Kidd,* 136 W. Va. 514, 67 S. E. 2d 740; *Weatherford v. Arter,* 135 W. Va. 391, 63 S. E. 2d 572; *Rader v. Campbell,* 134 W. Va. 485, 61 S. E. 2d 228; *Weese v. Weese,* 134 W. Va. 233, 58 S. E. 2d 801; *Charter v. Maxwell,* 132 W. Va. 282, 52 S. E. 2d 753; *Cook v. Collins,* 131 W. Va. 475, 48 S. E. 2d 161; *Bailey Lumber Company v. Ball,* 124 W. Va. 340, 20 S. E. 2d 241; *United States Fidelity and Guaranty Company v. Hood,* 122 W. Va. 157, 7 S. E. 2d 872; *Vecellio v. Bopst,* 121 W. Va. 562, 6 S. E. 2d 708; *Pickens v. O'Hara,* 120 W. Va. 751, 200 S. E. 746; *Highland v. Davis,* 119 W. Va. 501, 195 S. E. 604; *Bell v. Wayne United Gas Company,* 116 W. Va. 280, 181 S. E. 609; *Davis v. Davis Trust Company,* 113 W. Va. 43, 166 S. E. 690; *Duty v. Williamson Hudson-Essex Sales Company,* 109 W. Va. 147, 153 S. E. 248; *Cameron v. Cameron,* 105 W. Va. 621, 143 S. E. 349; *State v. Sanney,* 91 W. Va. 477, 113 S. E. 762; *Nuzum v. Nuzum,* 77 W. Va. 202, 87 S. E. 463; *Bartlett and Stancliff v. Boyles,* 66 W. Va. 327, 66 S. E. 474; *Clark v. Sayers,* 48 W. Va. 33, 35 S. E. 882; *McIntosh v. Augusta Oil Company,* 47 W. Va. 832, 35 S. E. 860; *Eclipse Oil Company v. South Penn Oil Company,* 47 W. Va. 84, 34 S. E. 923; *Robrecht v. Robrecht,* 46 W. Va. 738, 34 S. E. 801; *Kesler v. Lapham,* 46 W. Va. 293, 33 S. E. 289; *Woods v. Campbell,* 45 W. Va. 203, 32 S. E. 208; *First National Bank of Cumberland v. Parsons,* 42 W. Va. 137, 24 S. E. 554; *Farmers' Bank of Fairmont v. Gould,* 42 W. Va. 132, 24 S. E. 547; *Cobb v. Chesapeake and Ohio Railway Company,* 35 W. Va. 65, 12 S. E. 1097; *Alderson v. Commissioners,* 32 W. Va. 454, 9 S. E. 863; *Harris v. Houser,* 26 W. Va. 595; *Burke and Keatley v. Adair,* 23 W. Va. 139;

*Armstrong* v. *Town of Grafton*, 23 W. Va. 50. In *In re: The Estate of Amanda Nicholas*, 142 W. Va. 80, 94 S. E. 2d 452, the syllabus is in this language: "This Court on writ of error or appeal, in the first instance, will not entertain and decide a nonjurisdictional question not passed on by the circuit court." In *Cook* v. *Collins*, 131 W. Va. 475, 48 S. E. 2d 161, this Court, discussing generally its appellate jurisdiction, said: "This Court, having no original jurisdiction of this cause and acting only as an appellate court, will not consider nonjurisdictional questions not acted upon by the trial court. *Highland* v. *Davis*, 119 W. Va. 501, 516, 195 S. E. 604; *Nuzum* v. *Nuzum*, 77 W. Va. 202, 206, 87 S. E. 463. To consider and decide nonjurisdictional questions in this Court, not acted upon by the trial court, would be the assumption of jurisdiction by this Court which it does not possess." In *Nuzum* v. *Nuzum*, 77 W. Va. 202, 87 S. E. 463, the opinion contains these statements: "This is an appellate court and has no original jurisdiction in cases of this kind. It is not proper for us to render a decision on a question which has not been considered or decided by the circuit court. This cause has never been passed upon on its merits, and we cannot pass on such questions except in review of the decision of the circuit court. It has been held in numerous cases that this court will not consider points not determined by the circuit court." This Court has original jurisdiction in cases of habeas corpus, mandamus and prohibition and appellate jurisdiction in all other cases mentioned in Article VIII, Section 3, of the Constitution of this State and in such additional cases as may be prescribed by law; and in cases within its appellate jurisdiction it will not consider or decide nonjurisdictional questions which have not been determined by the trial court.

For the reasons stated the summary judgment in favor of the defendant, rendered by the circuit court October 30, 1962, is reversed and set aside and this action is remanded to that court for a new trial which is here awarded the plaintiff.

*Reversed and remanded.*