395 S.E.2d 230

**James RAMEY, Jr., III, Appellant,**

v.

**John R. RAMEY, David M. Ramey, and David M. Ramey, Administrator of the Estate of Armilda Ramey, Appellees.**

**No. 18626.**

Supreme Court of Appeals of West Virginia.

July 11, 1990.

---

Thomas L. Butcher, Huntington, for James Ramey, Jr., III.

Kenneth H. Fisher, Fisher & Young, Huntington, for John R. Ramey, David M. Ramey and David M. Ramey.

PER CURIAM:

This case is before this Court today pursuant to a petition for a writ of error filed by the appellant, James Ramey, Jr., III. The appellant asks this Court to set aside the order of the Circuit Court of Mingo County which granted summary judgment against him. We find that summary judgment was improperly granted in this case.

Armilda Ramey, grandmother of the parties in this case, died intestate on May 14, 1986, at the age of 91. The parties were among her heirs at law. After Armilda Ramey's death, appellee David M. Ramey produced a deed dated December 30, 1983, for eighteen parcels of land which had been signed by Armilda Ramey and granted appellees, John R. Ramey and David M. Ramey, certain parcels of land which constituted the bulk of decedent's estate.

The appellant, James Ramey, Jr., III, filed suit in Mingo County in July 1986 to set aside the alleged conveyance. In his complaint, the appellant alleged that the deed[1] was a "forged and fraudulent document not having been signed by Armilda Ramey," or that alternatively "the signature of Armilda Ramey was obtained by

---

1. The appellant's complaint asserts that this deed was unrecorded, but the evidence in the record shows that the deed was recorded in Deed Book 283, at page 311, on March 11, 1986.

the exercise of undue influence, duress, fraud and trickery...."

The appellees answered the complaint, denying the allegations concerning both the fraudulent signature and any exercise of undue influence, duress, fraud and trickery. The appellees also filed a motion for summary judgment on April 19, 1987, claiming that there was no genuine issue as to any material fact, and that they were therefore entitled to a judgment as a matter of law. The motion was accompanied by a supporting affidavit from Rhonda Gail Meade. In such affidavit, Ms. Meade stated that she was a notary public and that she was employed as a legal secretary to J. Timothy Poore, an attorney in Williamson, West Virginia. She further stated that on December 30, 1983, she witnessed Mrs. Ramey signing the deed and she acknowledged the signature in the law offices of Mr. Poore. Ms. Meade asserted that Armilda Ramey signed the deed "on her own free will," and that therefore the deed "could not be 'forged and fraudulent.' " Ms. Meade also asserted that Armilda Ramey signed such deed on December 30, 1983 "without any influence, duress, fraud, and trickery.... [and that she] was at all times competent, intelligent, and otherwise able to make her own independent decisions."

The appellant filed a response to the motion for summary judgment in April 1987. In this response the appellant contended that the affidavit of Rhonda Gail Meade contained unsupported and conclusory language concerning whether Armilda Ramey signed the deed in question without undue influence and whether she was competent to make an independent decision. The appellant stated that the affiant provided no basis to support the conclusions she drew and offered no evidence that she was competent to render such an opinion concerning Armilda Ramey's competency or the absence of duress or fraud. Furthermore the appellant responded that even if all the affiant stated was believed, this evidence would still be insufficient to dispose of all grounds that were asserted in his complaint.

The appellant requested in his response to the motion for summary judgment to delay the hearing on this matter so that he would have additional time to assemble evidence by discovery and by affidavit. The date of the hearing was moved from April 21, 1987, to June 29, 1987. By an agreed order, the appellant was given until June 22, 1987, to file any further response to the motion for summary judgment. No other affidavit or additional evidence was submitted by the appellant.

The hearing on this matter was held by the circuit court on June 29, 1987. Counsel for the appellant informed the court that the appellant intended to impeach Rhonda Gail Meade at trial by showing a strong relationship between the affiant and the appellee David Ramey insofar as they were engaged in drug transactions together. Furthermore, appellant asserted that there would be a witness at trial who would testify that Armilda Ramey was never in the law offices of Mr. Poore, and that therefore the deed was not signed in the place asserted. The appellant also raised the argument that the affiant had no competent means of determining whether the decedent was under any undue influence.

Counsel for appellees contended that the affiant was competent to testify as to whether Armilda Ramey was under any undue influence or duress during the time she signed the deed. Appellees' counsel further asserted that if the appellant desired to rebut the affidavit, an affidavit should have been filed setting forth facts to substantiate the alleged relationship between the notary public and one of the grantees in the deed. The court expressed concern that when the appellant filed the response to the summary judgment, there should have been some counter-affidavit indicating what the evidence would be on undue influence or fraud.

In an order dated July 21, 1987, the circuit court granted summary judgment, finding that the affidavit of Rhonda Gail Meade was "overwhelmingly dispositive on each issue asserted ... and [that it] sets forth sufficient facts and particulars to negate the allegations set forth in the com-

plaint regarding forgery, fraud, undue influence, duress, and trickery." Furthermore, the court concluded that the petitioner had failed to support his response to the motion for summary judgment with any affidavits, depositions, or other exhibits, as required by Rule 56(e) of the West Virginia Rules of Civil Procedure. That rule provides, in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.* (emphasis added).

W.Va.R.Civ.P. 56(e).

In spite of the fact that the appellant failed to support his response by filing an affidavit setting forth specific facts to show a genuine issue of fact, we find that summary judgment was improperly granted.

■ Although on a motion for summary judgment, an adverse party may not rest upon the mere allegations or denials of his pleading, the moving party still will not be entitled to summary judgment unless the record demonstrates he has met his initial burden of establishing that there is no genuine issue as to any material fact. West Virginia Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...." "A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact...." Syl.Pt. 6, in part, *Aetna Casualty & Surety Co. v. Fed. Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

■ The affiant Ms. Meade could attest to the fact that the deed was signed in her presence by Mrs. Ramey and therefore not forged and fraudulent. But, that would not qualify her to render an opinion as to whether Armilda Ramey signed such deed under undue influence, duress, fraud, and trickery. We therefore conclude that this affidavit was insufficient to carry the initial burden of showing that there was no genuine issue of material fact.

■ Certainly, however, the appellant would have been better-advised to have filed a counter-affidavit. Appellant's counsel did file a response to the motion for summary judgment, informed the court at the summary judgment hearing the nature of the evidence he intended to present at trial to impeach Ms. Meade's testimony, and raised the argument that Ms. Meade had no competent means to determine if Armilda Ramey was under any undue influence when she signed the deed. We found in Syllabus Point 2 of *Aetna Casualty & Surety Co. v. Fed. Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963), that "[o]n a motion for summary judgment all papers of record and all matters submitted by both parties should be considered by the court." Still, appellant's failure to respond as the Rule provides brought him perilously close to having the summary judgment upheld.

■ Consequently, although appellant's response to the motion for summary judgment would have been inadequate had the moving party met its initial burden, summary judgment was improper here by virtue of the insufficiency of the moving party's affidavit to reflect no genuine issue of material fact and effectively switch the burden to appellant. "A party is not entitled to summary judgment unless the facts established show a right to judgment with such clarity as to leave no room for controversy and show affirmatively that the adverse party cannot prevail under any circumstances." *Aetna*, 148 W.Va. at 171, 133 S.E.2d at 777.

We therefore reverse the circuit court's decision to grant summary judgment and remand this case for further proceedings.

Reversed and remanded.