# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gary Walkup,**
**Plaintiff Below, Petitioner**

**FILED**

**November 22, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0251** (Greenbrier County 11-C-81)

**Davis-Stuart, Inc.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Walkup, plaintiff below, by counsel Stephen P. New, appeals the summary judgment order entered by the Circuit Court of Greenbrier County on January 31, 2013. He argues that the circuit court erred by granting summary judgment for respondent on petitioner's claim of retaliatory discharge based upon workers' compensation discrimination. Respondent Davis-Stuart, Inc., defendant below, by counsel Chip E. Williams and Ashley L. Justice, responds in support of the summary judgment order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

### I. Procedural and Factual Background

Respondent operates a facility providing residential therapeutic care to youth, including youth with behavioral issues. Petitioner was employed by respondent to work with the residents. In or about January of 2011, petitioner's employment was terminated. Respondent asserts that petitioner failed to report to work for several weeks and thus had abandoned his job. However, petitioner asserts that he was terminated or constructively terminated due to his prior award of workers' compensation benefits and his desire to reopen his compensation claim.

Petitioner filed the instant lawsuit asserting, inter alia, termination or constructive termination in violation of West Virginia Code § 23-5A-1, which prohibits an employer from discriminating in any manner against an employee because of the employee's present or former receipt of, or attempt to receive, workers' compensation benefits. Such claims are considered under the following legal framework:

> 1. In order to make a prima facie case of discrimination under W.Va. Code, 23-5A-1, the employee must prove that: (1) an on-the-job injury was sustained; (2)

1

proceedings were instituted under the Workers' Compensation Act, W.Va. Code, 23-1-1, *et seq.*; and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee.

2. When an employee makes a prima facie case of discrimination, the burden then shifts to the employer to prove a legitimate, nonpretextual, and nonretaliatory reason for the discharge. In rebuttal, the employee can then offer evidence that the employer's proffered reason for the discharge is merely a pretext for the discriminatory act.

Syl. Pts. 1 and 2, *Powell v. Wyoming Cablevision, Inc.*, 184 W.Va. 700, 403 S.E.2d 717 (1991). The circuit court found that respondent presented a non-discriminatory basis for the termination, i.e., excessive absenteeism; that petitioner failed to rebut the proffered non-discriminatory reason; and that no rational jury would conclude that petitioner was fired because of his workers' compensation claim. Accordingly, the circuit court granted summary judgment in favor of respondent.[1]

## II. Standard of Review

Petitioner now appeals the summary judgment order to this Court. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We are mindful that, "'"[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).' Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992)." Syl. Pt. 2, *Painter*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Also, "[s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

## III. Discussion

The record and the parties' briefs reveal that petitioner was awarded workers' compensation after he was physically assaulted by a resident on April 30, 2009. During the assault, petitioner suffered broken bones in his face, a displaced temporomandibular joint disc, and a concussion. Respondent did not contest the workers' compensation award. At some point in time, the workers' compensation claim was closed. Petitioner returned to work on September

---

[1]Petitioner's lawsuit also asserted a deliberate intent claim pursuant to West Virginia Code § 23-4-2(d)(2)(ii). The circuit court granted summary judgment to respondent on the deliberate intent claim, but, on appeal, petitioner does not assert any error regarding that decision.

10, 2009, and was temporarily assigned to work in areas away from the residents. Later, he resumed his duties as a full-time "cottage" (i.e., dormitory) team leader.

Petitioner asserts that upon his return to work in September of 2009, he was functionally demoted and given tasks he could not perform, such as painting. Petitioner asserts that management questioned him about hiring a lawyer to reopen his workers' compensation claim to seek additional medical benefits, and that he was told to stay away from a supervisor because the supervisor was "mad" at him. He alleges that a supervisor told him to stop "playing the injury card," or words to that effect.[2] Petitioner denies that he abandoned his job and contends that he missed work because of medical appointments for which he thought he could use paid time off. He asserts that in the weeks leading up to his termination, there was no indication of problems with attendance or performance that would explain the termination. He asserts that he went to the workplace in November of 2010, but was told to turn in his keys because he was no longer employed.

Respondent denies that petitioner was demoted upon his return. Respondent asserts that petitioner was temporarily given light-duty work and was later returned to his regular position. Moreover, respondent presented evidence that petitioner missed extensive days of work throughout 2010, often without calling in or otherwise notifying his supervisor that he needed time off. Respondent issued petitioner multiple written warnings for absenteeism and, on March 29, 2010, suspended petitioner for two days without pay. Petitioner requested and was granted a leave of absence for one week in late September of 2010 in order to deal with childcare issues. Upon his return to work on September 28, 2010, petitioner requested and received a change from full-time to part-time employment. Respondent says that petitioner then missed work without explanation on October 11 and 12; called in sick on October 14; and failed to report to work on October 18, 19, 21, and 25. On November 15, 2010, a supervisor reported to respondent's administration that the supervisor had not seen or heard from petitioner for four weeks and that he considered petitioner to have abandoned his job. Respondent says that petitioner appeared at the workplace in January of 2011, at which time he was informed that respondent considered him to have abandoned his job.

In the summary judgment order, the circuit court noted evidence where petitioner's own statements support respondent's proffer of a non-discriminatory basis for its actions. For example, petitioner claims that his absences in 2010 were because of his workplace injury, but contemporaneous with some of his absences, he also gave other excuses. In response to a February 23, 2010, written warning, petitioner submitted a written response stating that he had missed work due to illness, bad weather, and a medical appointment. In response to his March 29, 2010, suspension, petitioner submitted a written response stating he had missed work because there was no electricity in his home. He cited childcare issues as the basis for other absences.

Moreover, petitioner never explains why he failed to call in or otherwise notify respondent as to why he missed work on October 11, 12, 18, 19, 21, 25, and from October 25

---

[2]In his deposition, petitioner testified that it was a co-worker, not a supervisor, who suggested that he should "stop playing the injury card."

through at least November 15, 2010.[3] He was obviously aware of the need to notify his employer of his whereabouts on work days, as evidenced by the fact that he called in sick on October 14.

Considering the evidence of record, even if petitioner did establish a prima facie case of workers' compensation discrimination, we nonetheless find that respondent presented a legitimate, nonpretextual, and nonretaliatory reason for the termination. *See*, Syl. Pts. 1 and 2, *Powell*, 184 W.Va. at 701, 403 S.E.2d at 718. Specifically, petitioner abandoned his job by not reporting to work in October and November of 2010. Petitioner has failed to rebut this evidence.

From the totality of the evidence presented, the record could not lead a rational trier of fact to find in petitioner's favor and the circuit court properly granted summary judgment for respondent. For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]Petitioner says he went to the workplace in November of 2010, while respondent says petitioner reappeared from his long absence in January of 2011. Either way, petitioner missed several work days without notifying his employer.