## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**West Virginia Division of Corrections and Rehabilitation,**
**Defendant Below, Petitioner**

**vs.)  No. 22-0263** (Kanawha County No. 20-C-1022)

**Billie Taylor,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Division of Corrections and Rehabilitation ("DOCR") appeals the circuit court's March 8, 2022, order that granted, in part, and denied, in part, the DOCR's motion for summary judgment. DOCR asserts the circuit court erred in finding it was not entitled to qualified immunity from a suit filed by an inmate, respondent Billie Taylor.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Respondent was incarcerated in DOCR's Central Regional Jail on October 15, 2018, for charges alleging he failed to register as a sex offender. Respondent was initially housed in "protective custody." Two DOCR corrections officers later testified that inmates charged with sex crimes, such as respondent, are afforded protective custody because they are at substantial risk of harm by other inmates in the general population. Nevertheless, while in protective custody, respondent asserts that DOCR repeatedly violated its regulations and policies when it failed to perform routine written assessments of respondent's safety or the risks supporting his protective custody status. Respondent also alleges that DOCR never made him aware of the risks he faced in the general population.

The record indicates that, four times, respondent requested to be transferred to the general population, but DOCR refused those requests. However, on November 30, 2018, DOCR granted respondent's fifth request, removed respondent from protective custody, and placed him in the general population. Respondent visited with his wife and then entered his general population cell at about noon. No corrections officer checked on petitioner or the other inmates from noon until about 4:26 p.m., when respondent was found in his cell severely beaten. Respondent contends that, due to his status as an alleged sex offender, several inmates repeatedly entered his cell and beat

---

[1] DOCR is represented by William E. Murray, and respondent is represented by Joseph H. Spano and S. Brooks West II.

1

him resulting in permanent injuries. Respondent asserts DOCR violated its regulations and policies when it failed to observe and supervise him and other inmates.

Respondent sued DOCR in a six-count complaint alleging negligence; violations of rights protected by five sections of the West Virginia Constitution; intentional infliction of emotional distress; extreme and outrageous conduct; negligent hiring, retention, and supervision; and cruel and unusual punishment. Respondent generally asserted that DOCR's acts and omissions were "in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or [were] otherwise fraudulent, malicious, or oppressive[.]" *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 507, 766 S.E.2d 751, 766 (2014).

After discovery, DOCR filed a motion asserting it was entitled to summary judgment for various reasons, including qualified immunity. In its order, the circuit court partially granted DOCR's motion, finding that respondent could not base a private cause of action for money damages on four of the five constitutional sections raised (Article III, sections 1, 5, and 14, and Article XII, section 1 of the West Virginia Constitution). Otherwise, the circuit court denied summary judgment. First, it found that respondent could pursue damages for violations of the fifth state constitutional section raised (Article III, section 10). *See* Syl. Pt. 2, in part, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996) ("[A] private cause of action exists where a . . . governmental unit causes injury by denying that person rights that are protected by the Due Process Clause embodied within Article 3, § 10 of the West Virginia Constitution."). Furthermore, the circuit court found questions of fact existed about qualified immunity, namely whether DOCR violated clearly established rights of the respondent about which a reasonable person would have known, or acted in a manner otherwise fraudulent, malicious, or oppressive. The circuit court also found it was for a trier of fact to weigh whether DOCR's actions were so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress. DOCR now appeals the circuit court's order, to the extent it denied DOCR's motion for summary judgment.

"A circuit court's denial of summary judgment that is predicated on qualified immunity is an interlocutory ruling which is subject to immediate appeal under the 'collateral order' doctrine." Syl. Pt. 2, *Robinson v. Pack*, 223 W. Va. 828, 679 S.E.2d 660 (2009). We review such an order denying summary judgment de novo. Syl. Pt. 1, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002). A circuit court should grant summary judgment "only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, in part, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963). When weighing the evidence regarding qualified immunity at the summary judgment stage, a court is guided by the following standard:

> The ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition.

*Hutchison*, 198 W. Va. at 144, 479 S.E.2d at 654, Syl. Pt. 1. Stated differently, "it is the jury, not the judge, who must decide the disputed 'foundational' or 'historical' facts[.]" *Id.* at 149, 479

S.E.2d at 659.

The doctrine of qualified immunity generally "bars a claim of mere negligence against a State agency" and bars a claim "with respect to the discretionary judgments, decisions, and actions" of a state officer. Syl. Pt. 6, *Clark v. Dunn*, 195 W. Va. 272, 465 S.E.2d 374 (1995). However, the doctrine does not bar actions based on discretionary acts or omissions where the conduct "violate[d] clearly established laws of which a reasonable official would have known" or was "fraudulent, malicious, or otherwise oppressive." Syl., in part, *State v. Chase Sec., Inc*., 188 W. Va. 356, 424 S.E.2d 591 (1992). As we said in Syllabus Point 11 of *A.B.*:

> To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc*., 188 W.Va. 356, 424 S.E.2d 591 (1992). In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability.

234 W. Va. at 497, 766 S.E.2d at 756.

DOCR asserts that the circuit court erred and should have determined that all of the respondent's causes of action are barred by qualified immunity. DOCR argues that its employees were exercising their judgment and discretion and any injury to the respondent stems from simple negligence and decision-making errors. DOCR also argues that none of the discretionary acts or omissions challenged by the respondent violated any clearly established statutory or constitutional right or law and claims that its own policies and regulations do not constitute rights protected by law. It is DOCR's view that respondent chose to be released into the prison's general population and that respondent never identified any threat that would have prevented DOCR from releasing him from protective custody.

The record, however, supports the circuit court's assessment that there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination. *Hutchison*, 198 W. Va. at 144, 479 S.E.2d at 654, Syl. Pt. 1. Respondent has identified several state regulations violated by DOCR governing the minimum standards for the operation and maintenance of jails, including that correctional officers must be in or adjacent to inmate living areas to permit them to hear and respond promptly to emergency situations; that inmates should be personally observed by a correctional officer at least every thirty minutes; and that DOCR must conduct reviews of inmates in protective custody to determine whether the inmate's safety and risks warrant continued protection. The record also supports the circuit court's determination that DOCR had a constitutional duty to "provide humane conditions of confinement" and must take "reasonable measures to guarantee the safety of the inmates," a duty that includes "protect[ing] prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quotations and citations omitted). DOCR may be found to have denied "humane conditions of confinement" if a DOCR employee "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

3

The record contains evidence that DOCR failed to review or document the safety and risks faced by respondent, failed to assess those risks before releasing him into the general population, failed to advise respondent of risks in the general population, and it failed to keep watch over respondent or the inmates who beat him for over four hours. Two of DOCR's employees testified they knew respondent faced a substantial risk of serious harm when they moved him into the general population. Respondent's expert witness testified that DOCR violated accepted corrections practices, that DOCR's supervision was grossly inadequate, and that the harm respondent suffered was foreseeable. A fact finder could reasonably infer that DOCR placed respondent in protective custody with knowledge he was at risk of harm if he were placed in the general population, and that respondent was unaware he was at risk of harm. The record contains evidence of acts or omissions by DOCR that a finder of fact could determine violated clearly established rights or laws of which a reasonable person would have known or were otherwise fraudulent, malicious, or oppressive.

Accordingly, we find no error in the circuit court's decision to deny summary judgment to the DOCR.

Affirmed.

**ISSUED:** May 2, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice Tim Armstead
Justice C. Haley Bunn


BUNN, Justice, dissenting, joined by Justice Tim Armstead:

I dissent to the majority's resolution of this matter because I would have set this case for Rule 19 oral argument to thoroughly address the error alleged in this appeal. Having reviewed the briefs, as well as the issue raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.