508 S.E.2d 365

**Sue STRAWDERMAN, Plaintiff Below, Appellant,**

v.

**The CREATIVE LABEL CO., INC., Defendant Below, Appellee.**

No. 24119.

Supreme Court of Appeals of West Virginia.

Submitted March 17, 1998.

Decided July 16, 1998.

Jack S. Kaplan, Allan N. Karlin, Morgantown, West Virginia, Attorneys for Appellant.

Robert M. Steptoe, Jr., Jill Oliverio Florio, Steptoe & Johnson, Clarksburg, West Virginia, Attorneys for Appellee.

PER CURIAM: [1]

This is an appeal by Sue Strawderman from an order of the Circuit Court of Marion County granting Ms. Strawderman's former employer, The Creative Label Company, Inc., summary judgment in an action brought by Ms. Strawderman under the West Virginia Human Rights Act, *West Virginia Code* § 5–11–1, *et seq.* (The Act). In bringing the action, Ms. Strawderman claimed that she was a handicapped person within the meaning of the Act, that The Creative Label Company had failed to make

---

**1.** We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992).

a reasonable accommodation for her as required by the Act, and that The Creative Label Co., Inc., wrongfully fired her. The circuit court concluded that Ms. Strawderman was not a handicapped person and that The Creative Label Company had attempted to provide her with reasonable accommodation for her purported disability. The circuit court, therefore, concluded that Ms. Strawderman's firing was appropriate and granted The Creative Label Company summary judgment. On appeal, Ms. Strawderman claims that the circuit court erred in granting summary judgment.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On July 29, 1992, OSHA conducted an inspection of the plant of The Creative Label Co., Inc. (Creative Label) where Sue Strawderman (Ms. Strawderman) had been employed since May 3, 1982. The inspection resulted in a citation alleging, among other things, that Creative Label was failing to take appropriate steps to protect the hearing of its employees in certain areas of its plant. As a result, on February 1, 1994, Creative Label initiated a policy requiring its employees to wear ear plugs throughout the entire plant, rather than merely in the areas which had been of concern to OSHA.

On February 8, 1994, Ms. Strawderman complained about the new policy to her union representative, and the union representative brought her complaint to the attention of Creative Label. Ms. Strawderman argued that the use of "ear plugs" aggravated a migraine headache condition from which she suffered. On February 19, 1994, Ms. Strawderman visited Dr. Stiller who concluded that she could not wear "ear plugs" since, medically, this hearing protection device would trigger her migraine headaches.

When Creative Label learned of Dr. John Stiller's finding, it questioned whether this meant that Ms. Strawderman was precluded from wearing hearing protection device at all, or whether she was only precluded from wearing "ear plugs." Upon discussing this question with Ms. Strawderman, Ms. Straw-

derman noted that she had been taking a break to lie down and/or take medication whenever her migraines became too severe, and she stated that she could wear hearing protection if Creative Label would accommodate her by allowing her to continue this practice. There is evidence in the case that a company representative knew, in fact, that she had taken such breaks, without any apparent effect on her production, and, as a consequence, Creative Label indicated that it would consider this proposed accommodation.

On February 22, 1994, Ms. Strawderman was observed working without "ear plugs." When confronted, she refused to use "ear plugs" until Creative Label decided whether she would be allowed to take breaks. She also refused to consider wearing an alternative type of hearing protection device. At this point, Ms. Strawderman was told that her proposal to take breaks at the outset of a migraine was not an acceptable accommodation. She was also told that she had to put on some kind of hearing protection devices or leave the plant. Ms. Strawderman refused to use hearing protection and was suspended from work for three days.

On February 25, 1994, Ms. Strawderman returned to work. She brought with her a note from Dr. Stiller which stated that compelling her to wear "any type of ear protection" would trigger severe migraine headaches. Creative Label then decided to terminate her employment, since she refused to wear alternative types of hearing protection devices and since Creative Label found her proposal to take breaks at the outset of a migraine to be an unacceptable accommodation.

Ms. Strawderman filed suit in the Circuit Court of Marion County in December 1994, contending that she was a qualified individual with a disability within the meaning of the West Virginia Human Rights Act, and that Creative Label had failed to provide her with reasonable accommodation as required by the West Virginia Human Rights Act. Creative Label filed a Motion for Summary Judgment which was granted by the Circuit Court of Marion County on August 28, 1996. In granting the motion, the circuit court adopted as its findings, reasons set forth in

an accompanying letter opinion to the parties, dated August 13, 1996. That letter opinion stated, among other things:

2. That under Rule 702 of the West Virginia Rules of Evidence and the case of *Daubert* and *Wilt,* the plaintiff is not a handicapped person as defined by the federal and state statutes because there is no credible evidence that the use of ear protection devices aggravates and/or causes her migraine headaches.

3. That if there is credible scientific evidence that her alleged migraine headaches are caused by the use of ear protection devices and therefor [*sic*] constitutes a handicap, the defendant has provided the plaintiff with a reasonable accommodation which she failed to utilize.

It is from the judgment based on those findings that Ms. Strawderman now appeals.

## II.

### STANDARD OF REVIEW

■ In Syllabus Point 1, of *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court stated: "A circuit court's entry of summary judgment is reviewed de novo." We have also recognized that courts should be cautious in granting summary judgment in employment discrimination cases. *Conrad v. ARA Szabo,* 198 W.Va. 362, 370, 480 S.E.2d 801, 809 (1996). However, this does not mean that summary judgment is never available in these cases as we have formerly held " '[s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.' Syllabus Point 2, *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995)." Syllabus Point 4, *Mallamo v. Town of Rivesville,* 197 W.Va. 616, 477 S.E.2d 525 (1996). See also *W.Va.R.Civ.P.* 56. This Court has also stressed in Syllabus Point 3 of *Fayette County National Bank v. Lilly,* 199 W.Va. 349, 484 S.E.2d 232 (1997), that:

Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

## III.

### DISCUSSION

As previously stated, the question presented on appeal is whether the trial court erred in granting summary judgment. It is our conclusion that the trial court did err.

■ In Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court said: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." This case was brought under the West Virginia Human Rights Act which provides, in relevant part, that:

[i]t shall be an unlawful discriminatory practice . . . [f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is . . . handicapped[.]

W.Va.Code, 5–11–9(1) [1992].

As previously indicated, the circuit court, in the present case, found that there was no credible evidence suggesting that Ms. Strawderman was a handicapped person. A handicapped person is defined by W.Va.Code, § 5–11–3(m)(1) [1994] as a person who: "Has a mental or physical impairment which substantially limits one or more of such person's major life activities; the term major life activities includes functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and **working** . . . ." W.Va.Code, 5–11–3(m)(1) [1994], (emphasis added).

In some other jurisdictions, migraine headaches have been recognized under certain

circumstances as being a physical problem which can render a person handicapped. *See Dutton v. Johnson County Board of Commissioners,* 859 F.Supp. 498 (D.Kan.1994); *Carlson v. InaCom Corp.,* 885 F.Supp. 1314 (D.Neb.1995); and *Hendry v. G.T.E. North, Inc.,* 896 F.Supp. 816 (N.D.Ind.1995).[2] In the present case, Ms. Strawderman produced evidence showing that she suffered from a migraine headache condition and that requiring her to wear hearing protection affected her ability to work. Her own statements to this effect were buttressed by the reports of her physician, Dr. Stiller. After reviewing this evidence, this Court can only conclude that she did make a *prima facie* showing that she was a handicapped person, as defined by W.Va.Code, 5–11–3(m)(1) [1994]. Although that evidence may be rebutted, it does raise a genuine issue of material fact, and under Syllabus Point 3 of *Aetna Casualty & Surety Company v. Federal Insurance Company of New York, supra,* summary judgment is therefore inappropriate.

 In *Skaggs v. Elk Run Coal Co., Inc.,* 198 W.Va. 51, 479 S.E.2d 561 (1996), the Court indicated that before an adverse employment action could legitimately be taken against a handicapped employee, the employer had to have offered the handicapped employee a reasonable accommodation if such an accommodation would enable the employee to continue in his or her position. In Syllabus Point 2 of *Skaggs, supra,* the Court stated:

> To state a claim for breach of the duty of reasonable accommodation under the West Virginia Human Rights Act, W.Va.Code, 5–11–9 (1992), a plaintiff must alleged [sic] the following elements: (1) The plaintiff is a qualified person with a disability; (2) the employer was aware of the plaintiff's disability; (3) the plaintiff required an accommodation in order to perform the essential functions of a job; (4) a reasonable accommodation existed that met the plaintiff's needs; (5) the employer knew or should have known of the plaintiff's need and of the accommodation; and (6) the employer failed to provide the accommodation.

In the present case, Ms. Strawderman indicated that she could work if accorded breaks of the type she had previously been accorded. In this Court's view, this evidence does raise a genuine issue of material fact as to whether a reasonable accommodation was possible.

This Court concludes the facts as developed in this case were inadequate to support the trial court's findings that Ms. Strawderman failed to raise any issue of material fact required under the handicap discrimination provision of the West Virginia Human Rights Act. Under such circumstances, Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York, supra,* indicates that summary judgment is inappropriate.

## IV.

## CONCLUSION

For the reasons set forth above, the order entering summary judgment in this case by the Circuit Court of Marion County is reversed, and this matter is remanded to that Court for further proceedings consistent with this opinion.

Reversed and remanded

---

**2.** These cases were decided under the Americans with Disabilities Act (ADA), but this Court has recently held that "we find that cases decided under the ADA are also helpful in deciding our cases under the West Virginia Human Rights Act." *Hosaflook v. Consolidation Coal Co.,* 201 W.Va. 325, 332 n. 10, 497 S.E.2d 174, 181 n. 10 (1997).