**PIED PIPER, INC., a West Virginia corporation, Plaintiff,**

v.

**DATANATIONAL CORPORATION, an Ohio corporation, et al., Defendants.**

Civ. A. No. 3:95–0133.

United States District Court, S.D. West Virginia, Huntington Division.

Oct. 12, 1995.

---

L. David Duffield and Scott W. Andrews, Huntington, WV, for Plaintiff.

John Philip Melick, Lee van Egmond, Charleston, WV, R. Carter Elkins, Huntington, WV, Laura L. Gray, Peoria, IL, Leonard Shulman, Flint, MI, and Marjorie L. Kolin, Troy, MI, for Defendants.

## ORDER

GOODWIN, District Judge.

Pending before the Court are two Motions of defendant International Business Machines, Inc. (IBM) to dismiss Count V of the

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The first Motion, filed on April 24, 1995, prior to the filing of the Amended Complaint, is **DENIED** as moot. The Court finds that West Virginia would not recognize a cause of action for negligent referral based upon the facts set forth in the Complaint and **GRANTS** the second Motion, thereby dismissing Count V of the Complaint.

## BACKGROUND

This civil action involves a dispute regarding the alleged deficiencies of computer software purchased by plaintiff Pied Piper, Inc. (Pied Piper) from defendant Datanational Corporation (Datanational). The Amended Complaint alleges that following a presentation by IBM sales representatives, Pied Piper decided to purchase the IBM AS/400 computer system and custom programmed software for use in its retail business. The Amended Complaint alleges that IBM representatives advised Pied Piper that IBM did not directly market the computer hardware and software and recommended that Pied Piper purchase the computer system through Datanational, an authorized IBM dealer. Following negotiations, Pied Piper purchased customized software and IBM's AS/400 from Datanational. Pied Piper alleges that following installation of the computer system, the Datanational customized software developed numerous "bugs," which greatly impeded Pied Piper's ability to conduct its retail business,[1] and that the problems continued throughout 1993 despite Datanational's unsuccessful attempts at correction. Pied Piper alleges that Datanational breached its sales contract by providing this "inadequate and flawed" customized software.[2]

In Count V of the Amended Complaint, Pied Piper alleges that "IBM breached its duty to Pied Piper when it recommended Datanational (an "IBM Business Partner") as the seller to Pied Piper." (Amended Complaint ¶ 67). Count V further alleges that:

1. The Complaint does not allege any problems with the IBM AS/400 hardware.

2. Pied Piper also states claims for breach of implied warranty and breach of express warranty against Datanational. The Complaint further alleges that Datanational and IBM engaged in a joint venture.

65. Pied Piper relied on IBM's greater knowledge and experience to refer a suitable seller to Pied Piper, which seller should also have been knowledgeable concerning the AS/400 and the requirements of custom retail programming.

66. *Because of its knowledge, size and dominance in the computer industry, IBM owed a duty to Pied Piper* to refer a suitable seller to Pied Piper.

(Amended Complaint, ¶¶ 65–66) (emphasis added). IBM moves to dismiss Count V of the Amended Complaint.

## STANDARD OF REVIEW

In *Mylan Laboratories, Inc., v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied* —— U.S. ——, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994), the United States Court of Appeals for the Fourth Circuit set forth the standard of review in ruling on a motion to dismiss, stating:

> In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

Accepting the allegations set forth in Count V of the Amended Complaint as true and viewing those allegations in the light most favorable to the plaintiff, the Court finds that Count V fails to state a claim against IBM.

## DISCUSSION

■ The West Virginia Supreme Court of Appeals has not addressed the issue of whether a cause of action exists for "negligent referral." However, this Court believes that the West Virginia Supreme Court would find that no such cause of action exists where the referral is commercial in nature and is made by one business entity to another.

The Court finds highly persuasive two unpublished opinions dealing with the tort of negligent referral. In *Haller v. Green Mountain Cabins, Inc.,* 884 F.2d 1388, 1989 WL 100660 (4th Cir.1989), the plaintiffs sued Green Mountain Cabins and their individual sales agents in contract and tort alleging that the agents had breached the duty to recommend a qualified builder. The United States Court of Appeals for the Fourth Circuit affirmed the district court's grant of the defendants' motion for a directed verdict on this issue, finding that neither Green Mountain nor the individual sales agents "had a duty, contractual or otherwise, to recommend a contractor" to the plaintiffs. *Id.* at 4. The Court further stated that the plaintiffs "have failed to establish that a cause of action for negligent referral is recognized in Virginia or would be recognized on the facts of this case." *Id.*

In an analogous case, *Electro–Matic Products, Inc. v. Prime Computers, Inc.,* 884 F.2d 579, 1989 WL 99044 (6th Cir.1989), the plaintiff contacted defendant, Prime Computers, Inc. (Prime), a manufacturer of computer hardware and expressed an interest in acquiring a new data processing system. Prime did not offer software for such manufacturing applications, but had licensing arrangements with software developers that marketed software compatible with the Prime hardware. A Prime sales representative referred the plaintiff to one of these software developers, Creata Data, Inc. (Creata Data),[3] and the plaintiff entered into various sales agreements with Creata Data. Delays were encountered and the plaintiff filed suit, alleging in Count I of its complaint that Prime was negligent in referring the plaintiff to Creata Data.

The United States Court of Appeals for the Sixth Circuit affirmed the lower court's

---

3. The nature of the representations made by the Prime representative was in controversy. The plaintiff alleged that Prime's sales representative stated that Creata Data as the only available seller of Prime-compatible software, that the system of both hardware and software would perform all of the plaintiff's desired functions, and that Prime would stand behind the system. The Prime sales representative, on the other hand, testified that he merely suggested to the plaintiff that Creata Data was one of several sellers of Prime-compatible software and that Prime stood behind its hardware.

grant of summary judgment in favor of Prime on the negligence claim, stating that:

> Accepting as true [plaintiff] Electro–Matic's allegations that Prime represented that Creata Data was the only available installer of Prime-compatible software, that Creata Data was incompetent, and that Prime failed to investigate Creata Data's competency, Electro–Matic *cannot establish the existence of a legal duty Prime owed to it.... Electro–Matic cites no Michigan authority, nor is this court aware of any, which establishes a duty owed by one business entity to another to investigate the competency of a third entity to which a referral is made.*

*Id.* at 3 (emphasis added). Affirming the grant of summary judgment, the Sixth Circuit held that the plaintiff "failed to state a cognizable claim because Prime owed no legal duty to" it. *Id.*

■ The existence of a legal duty is an essential element of a negligence claim under West Virginia law. *See Robertson v. LeMaster,* 171 W.Va. 607, 301 S.E.2d 563, 566 (1983); *Hinkle v. Martin,* 163 W.Va. 482, 256 S.E.2d 768, 770 (1979). In the case at bar, Pied Piper has failed to establish that IBM owed it any legal duty. The plaintiff cites only one case dealing with the tort of negligent referral—*Reed v. Bascon,* 124 Ill.2d 386, 125 Ill.Dec. 259, 530 N.E.2d 417 (1988). That case held that a physician could be liable for negligent referral of a patient to another doctor. The duty in such cases arise out of fiduciary or special trust relationships. No such duties exist between commercial entities dealing with one another at arms length.

Accordingly, Count V of the Complaint fails to state a cause of action again IBM and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth herein, the Court **ORDERS** that the defendant's Motion to Dismiss Count V of the Complaint be **GRANTED** and that Count V be stricken from the Complaint.