567 S.E.2d 619

**Carol LOCKHART, Administratrix of the Estate of Shirley Lockhart, Deceased, Plaintiff Below, Appellant,**

v.

**AIRCO HEATING & COOLING, INC., Defendant Below, Appellee.**

No. 29961.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 8, 2002.

Decided May 29, 2002.

---

John R. Mitchell, Sr., Esq., E. Dixon Ericson, John R. Mitchell, L.C., Charleston, West Virginia, Attorneys for appellant.

Anita Casey, Esq., Albert C. Dunn, Jr., MacCorkle, Lavender & Casey, Charleston, West Virginia, Attorneys for appellee.

MAYNARD, Justice:

This case is before this Court upon appeal of a final order of the Circuit Court of McDowell County entered on December 29, 2000. In that order, the circuit court granted summary judgment in favor of the appellee and defendant below, Airco Heating and Cooling, Inc. (hereinafter "Airco") in this wrongful death action filed by the appellant and plaintiff below, Carol Lockhart, Administratrix of the Estate of Shirley Lockhart. Mrs. Lockhart alleged that Airco negligently caused the decedent to "become extremely cold and catch pneumonia" during the installation of a new heating system in the Lockhart home, and as a result, the decedent died approximately one month thereafter.

In granting summary judgment, the circuit court found that Airco owed no duty of care with regard to the health of the decedent. Mrs. Lockhart contends that the circuit court erred in this finding, and she argues that genuine issues of material fact exist precluding summary judgment. This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is affirmed.

## I. FACTS

Sometime prior to November 6, 1995, Carol and Shirley Lockhart hired Airco to install a heat pump in their residence. According to Mrs. Lockhart, Airco's sales representative, James Sangrid, visited her home before the heat pump was installed and was advised by her that her husband was suffering from a lung condition[1] and that certain precautions needed to be taken to avoid excessive cold drafts in the home. Mrs. Lockhart says that Mr. Sangrid assured her that her husband's medical condition "was not a problem" and that the installers would "not do anything to harm [her] husband."

Airco began installing the heat pump system in the Lockhart home on November 6, 1995. According to Mrs. Lockhart, her husband's health seriously declined during the installation which occurred through November 11, 1995. Mrs. Lockhart contends that Mr. Lockhart's declining health was caused by Airco's failure to take appropriate precautions to keep the temperature in the house from fluctuating between hot and cold. In particular, Mrs. Lockhart claims that the workmen permitted doors and windows to remain open; failed to screen the rooms thereby allowing dust from the installation of duct work to circulate throughout the house, and supplied an incorrect electrical appliance causing the electric power to be shut off for the better part of a day.[2] Mrs. Lockhart states that the workmen's actions caused Mr. Lockhart to suffer severe anxiety and stress.

On November 17, 1995, Mr. Lockhart was transported by ambulance to a hospital where he was diagnosed with pneumonia in the right lung. This pneumonia was resolved by November 20, 1995. However, Mr. Lockhart contracted pneumonia in his left lung during his hospital stay. He was also diagnosed with lung cancer. Mr. Lockhart died on December 1, 1995, as a result of respiratory failure. His death certificate states that he was suffering from pneumonia, chronic obstructive pulmonary disease, and lung cancer.

Mrs. Lockhart, as the administratrix of her husband's estate, filed this wrongful death action against Airco on November 5, 1997. Following discovery, Airco filed a motion for summary judgment contending, *inter alia*, that it owed no legal duty of care with regard to the health of Mr. Lockhart. The circuit court held a hearing on February 26, 1999, and entered summary judgment in favor of Airco on December 29, 2000. This appeal followed.

## II. STANDARD OF REVIEW

■■ This is an appeal from a final order granting summary judgment. This Court has held that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). We have further held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

■■ As discussed herein, the circuit court granted summary judgment because it found that Airco owed no duty of care with respect to Mr. Lockhart's health. This Court has recognized that "[t]he determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law." Syllabus Point 5, *Aikens v. Debow*, 208 W.Va. 486, 541 S.E.2d 576 (2000). We have also

1. Mr. Lockhart, who was 61–years–old, suffered from long-term chronic obstructive pulmonary disease which required daily medication, supplemental oxygen, and the use of a nebulizer. As discussed herein, Mr. Lockhart was diagnosed with lung cancer shortly before his death.

2. Mrs Lockhart's contentions are based on a conversation with her husband. Apparently, Mrs. Lockhart was not at home on November 7, 1995, and she testified during a deposition that her husband told her the workers left the doors and windows open that day. Mrs. Lockhart was at home all of the other days that Airco was in her home installing the heat pump. She has stated that she made sure the doors and windows were closed on those days.

stated that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we now consider the parties' arguments.

## III. DISCUSSION

The primary issue in this case is whether the circuit court erred by finding that Airco had no duty of care with respect to the health of the decedent. As discussed above, Mrs. Lockhart asserts that "having voluntarily submitted a proposal to install a heating unit in her home, Airco assumed a duty to perform that installation in a manner designed to create minimum risk to Mr. Lockhart's health." In response, Airco asserts that no legal duty existed and, furthermore, that Mr. Lockhart's death was not caused by its actions during the installation of the heat pump.

■ " 'In order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken.' Syl. Pt. 1, *Parsley v. General Motors Acceptance Corp.*, 167 W.Va. 866, 280 S.E.2d 703 (1981)." Syllabus Point 4, *Jack v. Fritts*, 193 W.Va. 494, 457 S.E.2d 431 (1995). In Syllabus Point 2 of *Robertson v. LeMaster*, 171 W.Va. 607, 301 S.E.2d 563 (1983), the seminal case in West Virginia regarding the concept of duty in tort law, this Court recognized that "[o]ne who engages in affirmative conduct, and thereafter realizes or should realize that such conduct has created an unreasonable risk of harm to another, is under a duty to exercise reasonable care to prevent the threatened harm." This Court further explained that, " ' "[Duty]" is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff; and in negligence cases, the duty is always the same, to conform to the legal standard of reasonable conduct in light of the apparent risk.' " *Id.*, 171 W.Va. at 611, 301 S.E.2d at 567 (quoting W. Prosser, *The Law of Torts* § 53 (4th ed.1971)).

■ In Syllabus Point 3 of *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1988), this Court held that:

The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

Although foreseeability of risk is a primary consideration in determining the scope of a duty, this Court has recognized that "the existence of duty also involves policy considerations underlying the core issue of the scope of the legal system's protections." *Robertson*, 171 W.Va. at 612, 301 S.E.2d at 568 (citations omitted). These considerations include the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant. *Id.*

■ Upon consideration of the facts and circumstances of this case, we do not believe that Airco could have reasonably foreseen that exposing Mr. Lockhart to cold air while installing a heating system in his home was going to cause him to contract pneumonia and die.[3] Even assuming that Airco was completely aware of Mr. Lockhart's health problems, we do not believe that Airco or any other ordinary contractor in its position could have anticipated that Mr. Lockhart would die if he were exposed to cold air while the heating system was being installed. Moreover, when the existence of such a duty is contemplated in terms of the policy considerations set forth above, it is apparent that an onerous burden would be placed upon all contractors, whether they are persons who install heating systems or those who perform general carpentry or construction work, if they could be held tortiously liable for the existing health problems of their customers

---

3. It is noted that this Court believes there was insufficient evidence to show a genuine issue of material fact in dispute regarding whether or not Airco's conduct caused the harm in this case.

even though they performed their work in a reasonable manner.

 Mrs. Lockhart seems to suggest that by agreeing to "take necessary precautions" to protect her husband's health, Airco assumed some sort of special duty toward her husband. In other words, she argues that Airco had a duty of care with respect to her husband's health because her contractual agreement with Airco for the installation of the heating system included Airco's assurance that it would not allow the temperature in the house to fluctuate. However, even if Airco contractually agreed to take precautions to avoid causing any harm to Mr. Lockhart's health, Mrs. Lockhart cannot maintain an action in tort for an alleged breach of a contractual duty.[4] This Court has held that "[i]n the matters of negligence, liability attaches to a wrongdoer, not because of a breach of a contractual relationship, but because of a breach of duty which results in an injury to others." Syllabus Point 2, *Sewell, supra.* Stated another way,

> Tort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation. An action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract.

86 C.J.S. *Torts* § 4 (1997). Thus, "[a] tort, although growing out of a contract, must nevertheless possess all of the essential elements of tort." *Id.*

 In sum, Mrs. Lockhart has failed to establish the existence of duty on the part of Airco with respect to the decedent's health. In Syllabus Point 2 of *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995), this Court held that:

> Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to

make a sufficient showing on an essential element of the case that it has the burden to prove.

Thus, the circuit court did not err in granting summary judgment in favor of Airco.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of McDowell County entered on December 29, 2000, is affirmed.

Affirmed.

---

4. While we find no action in tort is permitted under the facts of this case, we make no determination as to whether a breach of contract would be viable as that issue was not presented in this appeal.