**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-2360**

EVELYN CABELL; BILLY CABELL, her son,

        Plaintiffs – Appellants,

   v.

CMH HOMES, INC., a Tennessee corporation; CMH MANUFACTURING, INC., a Tennessee Corporation; SOUTHERN OHIO CONSTRUCTION, LLC, an Ohio limited liability company; JOHN DOE, an unknown person or entity,

        Defendants - Appellees.

**No. 22-1018**

EVELYN CABELL; BILLY CABELL, her son,

        Plaintiffs – Appellees,

   v.

CMH HOMES, INC., a Tennessee corporation; CMH MANUFACTURING, INC.,

        Defendants – Appellants,

   and

SOUTHERN OHIO CONSTRUCTION, LLC, an Ohio limited liability company; JOHN DOE, an unknown person or entity,

        Defendants.

————————

Appeals from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:20-cv-00507)

————————

Submitted:  January 13, 2023                                    Decided:  August 17, 2023

————————

Before KING, RICHARDSON, and RUSHING, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

**ON BRIEF:** Michael J. Del Giudice, CICCARELLO, DEL GIUDICE & LAFON, Charleston, West Virginia, for Appellants/Cross-Appellees. Jason J. Stemple, OXLEY RICH SAMMONS, Huntington, West Virginia; W. Scott Simpson, Spenser Templeton, SIMPSON, MCMAHAN, GLICK & BURFORD, PLLC, Hoover, Alabama, for Appellees/Cross-Appellants CMH Homes & CMH Manufacturing.  Sarah A. Walling, Robert H. Sweeney, Jr., Alexis A. Wright, JENKINS FENSTERMAKER, PLLC, Huntington, West Virginia, for Appellee Southern Ohio Construction, LLC.

————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

This case centers on a home sale that went bad. Evelyn and Billy Cabell bought a modular home from CMH Homes, Inc.[1] That home was then manufactured by CMH Manufacturing, Inc. and built on the Cabells' property by Southern Ohio Construction, LLC. The Cabells now allege that their home was constructed badly and they sued CMH Homes, CMH Manufacturing, and Southern Ohio alleging various state contract and tort claims. The district court awarded summary judgment to the defendants on all counts. We agree and so affirm.[2]

The Cabells first contend that CMH Homes breached their sales contract "by failing to construct the Modular Home on the Property in a reasonably prudent manner." J.A. 123. The problem with this argument is that, as the district court correctly found, CMH Homes never agreed to construct the Cabells' home.[3] While the contract itself is ambiguous as to who bears the responsibility for constructing the house, emails between Billy Cabell and CMH Homes definitively show that the Cabells agreed to take it on, as does the form they filed with the state laying out the parties' home-installation responsibilities. *See Stewart*

---

[1] Billy purchased the home with Evelyn's money. She authorized him to complete the transaction. Billy planned to live in the home.

[2] Since we affirm the district court, we do not address any of the issues raised by the defendants' contingent cross-appeal.

[3] On appeal, the Cabells argue that their breach-of-contract claim alleged a failure to properly construct the home, a failure to properly manufacture the home, and a breach of the implied warranty of merchantability. But the Complaint alleges only one of these things: a failure to properly construct the home on the Cabells' property. So, like the district court, we address only the merits of that claim.

3

*v. Blackwood Elec. Steel Corp.*, 130 S.E. 447, 449 (W. Va. 1925) ("[W]here the written contract is ambiguous and uncertain, parol evidence is admissible to show . . . the practical construction given by the parties."). So the Cabells' breach-of-contract claim against CMH Homes fails. *John D. Stemp & Assoc. v. Cunningham Mem'l Park*, 419 S.E.2d 699, 707 (W. Va. 1992) (explaining that courts "must construe the writing" if the contract is ambiguous but parol evidence resolves the ambiguity); *Goodman v. Resolution Tr. Corp.*, 7 F.3d 1123, 1126 (4th Cir. 1993).

The Cabells next allege that CMH Homes, CMH Manufacturing, and Southern Ohio negligently constructed their house. But succeeding on a negligence claim requires showing that the defendants breached a duty they owed the plaintiffs. *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619, 623 (W. Va. 2002). And, under West Virginia law, that duty cannot depend solely on a contract. *Id.* at 624. Since the Cabells do not point to any duty that the defendants owed them other than alleged contractual duties, the district court properly awarded summary judgment to the defendants on this claim.

The Cabells also assert that CMH Homes and CMH Manufacturing negligently hired Southern Ohio to construct their house, or in the alternative, negligently recommended that they hire Southern Ohio to construct their house. But nothing in the record suggests that either CMH entity hired Southern Ohio. And West Virginia does not—and likely would not—recognize a negligent referral claim in this context. *See Pied Piper, Inc. v. Datanational Corp.*, 901 F. Supp. 212, 214–15 (S.D. W. Va. 1995). So the district court rightly rejected this claim.

4

Lastly, the Cabells argue that they were the third-party beneficiaries of a contract between CMH Homes or CMH Manufacturing and Southern Ohio, and that Southern Ohio breached that contract by constructing their home badly.  But, to sue for breach of contract as a third-party beneficiary, the Cabells needed to show that Southern Ohio contracted with a CMH entity "for [the Cabells'] sole benefit."  *See* W. Va. Code § 55-8-12.  As the record contains no evidence that this happened, the Cabells' third-party-beneficiary claim also fails.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.  The district court's order is

*AFFIRMED.*
