# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jon Fertal and Daniel Campbell,**
**Plaintiffs Below, Petitioners**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0038** (Jefferson County 08-C-208)

**James P. Campbell, et al.,**
**Defendants Below, Respondent**

## MEMORANDUM DECISION

Petitioners Jon Fertal and Daniel Campbell, by counsel Robert J. Schiavoni and David M. Hammer, appeal the December 6, 2011, order of the Circuit Court of Jefferson County, granting summary judgment in favor of all remaining defendants below. Respondent Steven D. Foster, pro se, filed a response. Respondent Andrew Richardson, by counsel Charles R. Bailey, filed a response. Respondents James P. Campbell, pro se,[1] and Campbell Flannery, PC, by counsel, James M. Pierson, filed a joint response. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners entered into an Operating Agreement with Liberty Street Enterprises, LLC, ("LSE") in June of 2007, agreeing to manage a restaurant, known as "CW Tiffins," located in Charles Town, West Virginia. The restaurant opened for business in October of 2007. In April of 2008, petitioners were terminated from LSE and the restaurant closed. Thereafter, petitioners filed a claim against respondents alleging violations of the West Virginia Wage Payment and Collection Act, and fraud. Petitioners also alleged legal negligence as to Respondents James P. Campbell and Campbell Miller Zimmerman, PC, now known as Campbell Flannery, PC. All respondents filed separate motions to dismiss.

By order entered October 20, 2011, the circuit court granted summary judgment in favor of Campbell Miller Zimmerman, PC, now known as Campbell Flannery, PC. The court found, in part:

---

[1]Mr. Campbell is a member of the West Virginia State Bar and represented himself in these proceedings.

1

The first cause of action on behalf of the plaintiffs alleges a violation of the Wage and Payment Act.

The facts are however that at no time were these plaintiffs employees of the defendant law firm. At best, the plaintiffs were employed as 'restaurant managers' for Liberty Street Enterprises, LLC. See the Operating Agreement to which the plaintiffs are signatories.

What is very questionable about the plaintiffs continuing to press this claim against the law firm, is that plaintiffs from within their deposition acknowledge that the restaurant enterprise was 'their business to run.' Yet the limited liability company charged with operating the restaurant was not named as a defendant. The limited liability company is a separate and distinct entity from this law firm.

Since the plaintiffs were never employed by the law firm, summary judgment as a matter of law, in favor of the law firm is warranted.

Count 2 of the plaintiffs' amended complaint alleges a cause of action for legal negligence against the law firm.

The facts are completely void of the establishment of any semblance of an attorney-client relationship between the plaintiffs and the law firm. Without the existence of this crucial first element, the claim shall proceed no further. Without the existence of this relationship, there is no duty due of the law firm to those who are not clients. The plaintiffs lack standing to proceed further with this claim.

Finally no act of fraud was committed by the law firm to these plaintiffs. The plaintiffs have failed to put forth sworn facts against the law firm that meet the elements of the cause of action. Others may have lead the plaintiffs astray but not the law firm. [citations omitted].

By order dated December 6, 2011, the circuit court granted summary judgment in favor of all remaining defendants.[2] This motion was granted following two status conferences which addressed the motions for summary judgment. The circuit court granted summary judgment with regard to the wage claim because petitioners failed to show proof of damages.[3] Summary

---

[2]In April of 2011, the circuit court announced its intention to grant summary judgment in favor of Respondent Andrew N. Richardson. The circuit court entered that order on January 19, 2012.

[3]An interrogatory requested information about the days, hours, and tasks performed when petitioners allegedly worked for respondents. The answers identified only an 8-week period, essentially May and June of 2007. Petitioners maintained that they were promised regular salaries while they were working to start the business, before the restaurant opened to customers. Petitioner Campbell asserted that he was entitled to be paid $1,500 every two weeks, which totals $6,000. It was undisputed that Petitioner Campbell was in fact paid $14,250. Similarly, Petitioner Fertal claimed that he was entitled to be paid $2,000 every two weeks, which totals $8,000. It was undisputed that Petitioner Fertal was in fact paid $14,000.

At depositions held in November of 2010, petitioners were asked whether their wage claims extended beyond June 30, 2007. Each testified that they would supplement the interrogatory answers but neither did before discovery in the case closed in February of 2011.

judgment was granted with regard to the fraud claim because the testimony of Petitioner Campbell[4] "demonstrate[d] the absence of the element of detrimental reliance necessary to support the claim of fraud[.]"

Petitioners raise two grounds on appeal. Petitioners assert that they were not paid all wages and expenses due to them as required by the West Virginia Wage Payment and Collection Act. Petitioners also contend that the respondents colluded to defraud them by misrepresenting and omitting material facts concerning the restaurant's capitalization, renovation, lease obligations, management structure, identities of investors, and financial obligations of those investors.

In response, Respondents Campbell and Campbell Flannery, PC, assert summary judgment was appropriate. The only pleading filed by petitioners in opposition to the motions for summary judgment was a two page document that did not address any of the material facts identified in the motions. Furthermore, petitioners did not respond at all to the supplemental motion for summary judgment. Petitioners do not identify any appealable issue in relation to the law firm because the petition does not address why the circuit court committed error in granting summary judgment in the order entered October 20, 2011. Finally, the petitioners improperly reference more than a thousand pages of a record in a different case concerning the restaurant's capitalization that was not so much as mentioned in writing or in oral argument before the circuit court.

Respondent Andrew Richardson responds that petitioners did not preserve any appealable issue below. The petition for appeal does not mention the January 19, 2012, order granting summary judgment in favor of Respondent Richardson. In the summary judgment order, the circuit court specifically found that there was no evidence of an employment relationship between Respondent Richardson and petitioners. Furthermore, at their depositions, petitioners each admitted that Respondent Richardson did not fraudulently induce them to do anything.

In his response, Respondent Foster contends that summary judgment was appropriate because there were no genuine issues of material fact. Respondent Foster also argues that the petitioners raise assignments of error not resolved by the circuit court.

On appeal, we review a summary judgment order under a *de novo* standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment should be granted when it is clear that there is no genuine issue of fact to be tried and inquiry

---

[4]In August of 2011, respondents filed a supplemental memorandum in support of summary judgment after Petitioner Campbell testified at trial in the case of *Glen Poe v. James P. Campbell, Campbell, Miller, Zimmerman, PC, Steven Foster, and Foster-Herz, Inc.* Circuit Court of Jefferson County, Case 08-C-223 (May 2011)(plaintiff, an investor of the restaurant, brought suit claiming, among other things, common law fraud and misrepresentation, and breach of a promissory note). Petitioner Campbell testified that no discussions concerning the restaurant occurred before he and Petitioner Fertal moved from other states to Charles Town, as alleged in the complaint.

concerning the facts is not desirable to clarify the application of the law. Syl. Pt. 2, *Id.*; Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

This Court has held that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.]*, 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 60, 459 S.E.2d 329, 337 (1995).

Petitioners now assert that the circuit court committed error in granting summary judgment because the records of other litigation concerning the restaurant's capitalization, including documents in the bankruptcy proceedings, support their claims for unpaid wages and fraud. In the opinion of this Court, however, that assertion is deprived of significance by petitioners' failure to raise those matters in the circuit court in their opposition to respondents' motions for summary judgment. We therefore find that petitioners failed to preserve those issues for appeal. This Court has repeatedly confirmed that it will not rule on issues not raised and resolved in the lower court. *See In re Michael Ray T.*, 206 W.Va. 434, 444, 525 S.E.2d 315, 325 (1999)("a constant refrain of this Court is that we will not consider, for the first time on appeal, a matter that has not been determined by the lower court from which the appeal has been taken.").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4