**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Roger W. Goff,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-1145** (Harrison County 18-C-295-2)

**American Funds Distributors, Inc.,**
**The Capital Group Companies, Inc. and,**
**Capital Research Group and Management**
**Company,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Roger W. Goff, by counsel Gregory H. Schillace, appeals the Circuit Court of Harrison County's November 15, 2019, order granting respondents' motion for summary judgment. Respondents American Funds Distributors, Inc., The Capital Group Companies, Inc., and Capital Research Group and Management Company, by counsel Maria Greco Danaher, filed a response. On appeal, petitioner argues that the circuit court erred in granting respondents' motion for summary judgment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2005, Elizabeth Toler established an Individual Retirement Account ("IRA") under which petitioner was named the primary beneficiary thereof for the transfer of assets. Thereafter, in August of 2008, Ms. Toler died. Petitioner, through counsel, sent respondents a letter on March 3, 2009, requesting the status of the fund distribution of the IRA. The parties sent correspondence back and forth over a period of years, but respondents did not distribute the IRA assets to petitioner. Petitioner filed a complaint against respondents in circuit court in December of 2018, alleging that respondents failed to distribute the proceeds of the IRA to him.

Respondents filed an answer to petitioner's complaint in January of 2019, denying petitioner's claims. Subsequently, in October of 2019, respondents filed a motion for summary

1

judgment, setting forth a timeline of the numerous letters and other contacts respondents had with petitioner's counsel, Mr. Schillace, regarding the distribution of the IRA proceeds. Respondents asserted that they sent petitioner a response to his March 3, 2009, request for the status of fund distribution on March 7, 2009, outlining the fund distribution process and enclosing the necessary paperwork, including the "Non-spousal Beneficiary Claim" form as petitioner was not Ms. Toler's spouse. Respondents informed petitioner that upon completion of the required paperwork, he would be entitled to the IRA proceeds and only then would the proceeds be disbursed. On March 23, 2009, petitioner's counsel returned incomplete paperwork to respondents. Several pages were missing, the Non-spousal Beneficiary Claim form was not returned, and Ms. Toler's death certificate was not attached as requested. Additionally, petitioner's counsel requested that the IRA funds be transferred into petitioner's personal IRA account, an option available only for spousal beneficiaries.

Also in their motion for summary judgment, respondents claimed that they contacted counsel for petitioner on March 23, 25, 26, and 27 of 2009 to address the incomplete paperwork, all without response. Petitioner's counsel again contacted respondents in August of 2009, contending that petitioner had provided all of the documentation requested and demanding the status of the IRA fund distribution. Respondents contend that they responded to counsel for petitioner by letter and phone call two days later, explaining that petitioner could claim the proceeds as soon as he completed the required paperwork. Respondents claimed that petitioner's counsel did not respond with the requested information and failed to provide the completed paperwork. Four years later, in November of 2013, respondents reached out to petitioner's counsel in an attempt to address the IRA account. At that time, petitioner's counsel requested that the instructions for completing the paperwork be e-mailed to him; respondents complied and provided the information via e-mail. Respondents stated that counsel for petitioner did not contact them until July of 2014, again asking what was required to claim the IRA proceeds. Respondents advised petitioner's counsel of the necessary paperwork but received no response. Petitioner's counsel filed the underlying complaint four years later and continued to ignore respondents' attempts to assist him in filing the necessary paperwork.

Respondents further argued that petitioner could not show a breach of the IRA agreement because respondents repeatedly communicated with petitioner's counsel in an attempt to assist him in claiming the IRA proceeds, but that petitioner and his counsel ultimately failed to complete the necessary paperwork. Respondents also argued that petitioner could not prove actual damages as he "simply had to fully and appropriately complete the required paperwork provided to him on multiple occasions, and provide a death certificate" in order for the funds in the IRA to be transferred appropriately to him. Lastly, respondents argued that the statute of limitations for a "breach of duty" claim had expired. Respondents attached several exhibits demonstrating their correspondence with petitioner. Petitioner did not file a response to respondents' motion for summary judgment. Nevertheless, respondents filed a reply.

By order entered on November 15, 2019, the circuit court granted respondents' motion for summary judgment. The circuit court found that the many communications between petitioner, his counsel, and respondents established that the IRA funds would be transferred to petitioner upon completion of the necessary paperwork. The circuit court noted that petitioner submitted incomplete forms and failed to attach Ms. Toler's death certificate as required. While petitioner

claimed in his complaint that respondents refused to transfer the IRA funds to him, the circuit court found that respondents repeatedly provided petitioner and his counsel with the required forms and information explaining how to complete them but that petitioner and his counsel failed to provide any of the properly completed paperwork or an explanation as to why it could not be completed. The circuit court concluded that petitioner therefore "totally failed" to develop, argue, or advance any of his claims against respondents "or otherwise identify any act or omission attributable to [respondents] so as to identify a genuine issue of material fact pertinent to any such claim or cause of action capable of surviving summary judgment consideration at this juncture of the proceedings." The circuit court further found that petitioner failed to provide a copy of the agreement between Ms. Toler and respondents naming him as a beneficiary, failed to identify the specific basis for a breach of agreement under the contract to support his claims, and failed to respond to respondents' motion for summary judgment. Accordingly, the circuit court found that petitioner failed to demonstrate a prima facie showing of any breach of the agreement and further noted that petitioner's assertions were wholly insufficient to justify relief. Petitioner now appeals the circuit court's November 15, 2019, order granting respondents' motion for summary judgment.

This Court accords a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Company v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, Syl. Pt. 4. We recognize that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson* [*v. Liberty Lobby, Inc.*], 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995). Relevant to the instant case, "[a] claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015).

3

Upon our review, we find no error in the circuit court's decision to grant respondents' motion for summary judgment. As noted above, respondents never disputed that Ms. Toler's IRA account existed or that petitioner is the beneficiary of that IRA account. Indeed, although petitioner failed to attach either the IRA contract between respondents and Ms. Toler or Ms. Toler's death certificate, respondents asserted that they stand at the ready to release the funds to petitioner if he returns the appropriate paperwork with the required information. As such, respondents argued that there has been no breach of contract. We note that in support of their motion for summary judgment, respondents attached copies of communications and internal notes indicating that they had repeatedly provided petitioner with the necessary forms and instructions. However, as noted above, petitioner failed to complete the paperwork necessary to allow the transfer of the IRA funds.

Moreover, petitioner did not file a response in opposition to respondents' summary judgment motion nor did he adhere to the requirements of Rule 56(e) of the West Virginia Rules of Civil Procedure[1] in that he failed to attack the evidence provided by respondents, failed to produce additional evidence showing the existence of a genuine issue for trial, and failed to submit an affidavit explaining the necessity of further discovery. *See* Syl. Pt. 3, *Miller v. City Hosp., Inc.*, 197 W. Va. 403, 405, 475 S.E.2d 495, 497 (1995) (holding that if a moving party makes a properly supported motion for summary judgment, the burden of production shifts to the non-moving party to either rehabilitate the evidence attacked by the moving party, produce additional evidence showing the existence of a genuine issue for trial, or submit an affidavit explaining why further discovery is necessary). Petitioner's argument on appeal is equally deficient, as it makes no legitimate attempt to show that he offered significant probative evidence from which a jury could return a verdict in his favor and that summary judgment was improperly granted. *See Painter*, 192 W. Va. at 193, 451 S.E.2d at 759. Rather, petitioner simply contends that a genuine issue of material fact exists because respondents admit to holding funds which are due to him as the beneficiary of Ms. Toler's IRA account. Here, petitioner failed to produce any evidence showing a breach of contract in this regard and, as such, failed to meet his burden of proof. We, therefore, conclude that the circuit court did not err in granting summary judgment in favor of respondents.

For the foregoing reasons, we affirm the circuit court's November 15, 2019, order granting respondents' motion for summary judgment.

Affirmed.

**ISSUED:** August 27, 2021

---

[1]Rule 56(e) of the West Virginia Rules of Civil Procedure provides, in part, that

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton