# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**NORMA ESTEP, MARY SMITH,
STEPHANIE GUNNO, and DEBRA GREENE,
Plaintiffs Below, Petitioners**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-151**          (Cir. Ct. Kanawha Cnty., Case No. 21-C-71)

**WILLIAM V. GREENE and
WILLIAM V. GREENE & ASSOCIATES, INC.,
Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioners Norma Estep, Mary Smith, Stephanie Gunno, and Debra Greene ("Sisters") appeal the Circuit Court of Kanawha County's August 26, 2022, "Final Order." In that order, the circuit court granted summary judgment to Respondents William V. Greene and William V. Greene & Associates, Inc. William V. Greene and William V. Greene & Associates, Inc., timely filed a response in support of the circuit court's order.[1] The Sisters did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are all the children of Inez Greene. In the 1990s the parties' father invested approximately $150,000.00 in William Greene's business, Brandywine Homes. This was a "handshake" deal that was not documented. Brandywine Homes dissolved on September 15, 2005, after filing for bankruptcy. William V. Greene & Associates, Inc., has always been a separate entity from Brandywine Homes.

On February 2, 2000, a Last Will and Testament was executed by Inez Greene that named William Greene as the personal representative over her estate. The Last Will and Testament is two pages long and was drafted on a standard form. The handwritten "Bequests" section states that all proceeds from the sale of Inez Greene's home, the

---

[1] The Sisters are represented by Alan L. Pritt, Esq. William V. Greene and William V. Greene & Associates, Inc., are represented by Charles R. Bailey, Esq., and Josef A. Horter, Esq.

proceeds from the sale of her personal belongings that were not taken by her children or grandchildren, as well as the monies in her checking and CD accounts should be equally divided among her children. The estate of Inez Greene is not otherwise defined. Inez Greene passed away on December 20, 2010. Her Last Will and Testament was never probated. William Greene was a joint owner of Inez Greene's bank account. Following her death, in January of 2011, William Greene distributed the remaining funds in Inez Greene's bank account to the Sisters. These funds included the proceeds from the sale of Inez Greene's home, which was sold prior to Inez Greene's death.

In February 2011, William Greene sent a letter to the Sisters that informed them of his intent to sell property in which their parents had invested located in Nitro, West Virginia, and that each of the Sisters would be receiving $30,000.00 from the sale. The Nitro property was owned by William V. Greene & Associates, Inc. Four years later, on December 25, 2015, William Greene sent the Sisters $4,000.00 each and informed them that though he had difficulty finding a buyer for the property, he finally found someone who made a down payment and agreed to pay the remaining purchase price over time. He further informed them that he would send each of them an additional $26,000.00 over the next five or six years.

On January 15, 2020, one of the Sisters reached out to William Greene in an attempt to resolve the remaining sums owed to her. However, there was no resolution, and the Sisters filed their complaint on January 22, 2021, alleging breach of fiduciary duty, breach of contract, unjust enrichment, and punitive damages.

On June 6, 2022, William Greene and William V. Greene & Associates, Inc. moved for summary judgment. On June 7, 2022, the Sisters moved for summary judgment. On August 26, 2022, the circuit court, without a hearing, granted summary judgment in favor of William Greene and William V. Greene & Associates, Inc. In that order, the circuit court concluded, with respect to the claim asserted for breach of fiduciary duty, that since William Greene was never qualified as executor, he had no fiduciary relationship with the Sisters. Regarding the claim asserted for breach of contract, the circuit court concluded that there was no evidence of a contract between William Greene and his parents, and, further, there was no contract formed between William Greene and the Sisters based on his promise to pay them each $30,000.00 for the sale of the Nitro property because there was no mutual obligation. Regarding the claim for unjust enrichment, the circuit court concluded that the Sisters showed no legal entitlement to the money they claimed was owed. In addition, the circuit court concluded that no facts or arguments were advanced by the Sisters regarding William V. Greene & Associates, Inc., as to any count and, therefore, summary judgment was appropriate. It is from this order that the Sisters appeal.

On appeal, we apply the following standard of review: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). Further, "[a] motion for summary judgment should be granted only

when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770, 771 (1963).

In regard to the Sisters' claim for breach of fiduciary duty, it is clear that "the personal representative of the estate of a deceased acts in a fiduciary capacity." *See Latimer v. Mechling*, 171 W. Va. 729, 732, 301 S.E.2d 819, 822 (1983). Although, an individual nominated as personal representative in a will cannot act as personal representative unless they are duly qualified. *See* W. Va. Code § 44-1-1 (2021). Here, while William Greene was nominated as personal representative in the parties' mother's will, it is undisputed that he was never qualified as the personal representative of the parties' mother's estate.[2] However, even assuming without deciding that a fiduciary relationship was formed based on the tasks William Greene voluntarily undertook in handling certain matters related to the estate and his mother's assets, it is difficult to determine how the Sisters have been damaged by any alleged breach as their interests under their mother's will have not been diminished. Their mother's will directed that the proceeds from the sale of her home, the proceeds from the sale of her personal property, and the monies in her bank accounts be equally distributed among her children. There is no allegation that this was not accomplished. Lastly, the Sisters make no argument that a fiduciary relationship existed between them and William V. Greene & Associates, Inc. Accordingly, the circuit court did not err in granting summary judgment in favor of William Greene and William V. Greene & Associates, Inc. as to this claim.

With respect to the Sisters' breach of contract claim, "[t]he fundamentals of a legal 'contract' are competent parties, legal subject-matter, valuable consideration, and mutual assent. There can be no contract, if there is one of these essential elements upon which the minds of the parties are not in agreement." Syl. Pt. 5, *Virginian Export Coal Co. v. Rowland Land Co.,* 100 W.Va. 559, 131 S.E. 253 (1926). "If one party to a contract is not bound to do the act which forms the consideration for the promise, undertaking, or agreement of the other, the contract is void for want of mutuality." Syl. Pt. 5, *Eclipse Oil Co. v. S. Penn Oil Co.*, 47 W. Va. 84, 34 S.E. 923 (1899). Regarding the alleged contract between William Greene and the Sisters,[3] William Greene's promise to pay them each $30,000.00 did not form a valid contract. The Sisters were "not bound to do an act which forms the consideration for the promise," and, therefore, the alleged contract is "void for want of

---

[2] The Court notes that it is unclear who was in possession of the Last Will and Testament of Inez Greene at the time of her death. The Sisters each testified that they knew of the will's existence. However, they did not seek to compel its production for probate pursuant to West Virginia Code § 41-5-3 (1923).

[3] The Sisters' complaint only alleges that there was a contract between the Sisters and William Greene. However, both before the circuit court and on appeal, the Sisters argue that there was also a contract between William Greene and the parties' mother.

3

mutuality." *Id*. Regarding the alleged contract between William Greene and the parties' mother, there is simply no evidence that a valid contractual relationship was formed. While there is evidence that there were some types of monetary contributions made by one or both of the parties' parents to William Greene and/or his businesses, and that William Greene intended to pay money to his mother as a result of such contributions, nothing indicates that such monetary contributions were the result of a valid contract being formed, or that William Greene's payment to his mother was contractually required. Rather, the record reflects that William Greene felt a moral obligation to pay money to his mother for his parents' prior monetary contribution that was lost in the bankruptcy of Brandywine Homes. As to William V. Greene & Associates, Inc., the Sisters make no argument that a contractual relationship existed between them or their mother and William V. Greene & Associates, Inc. Accordingly, the circuit court did not err in granting summary judgment in favor of William Greene and William V. Greene & Associates, Inc. as to this claim.

Turning to the Sisters' claim for unjust enrichment, the theory of unjust enrichment is based on the principle "that it would be unjust to allow a person to retain money on which he had no valid claim." *Prudential Ins. Co. of Am. v. Couch*, 180 W. Va. 210, 214, 376 S.E.2d 104, 108 (1988). There is no evidence that the monetary contributions made by the parties' parents to William Greene were not freely given to William Greene or that the Sisters were legally entitled to the money they claim is owed to them by William Greene. As to William V. Greene & Associates, Inc., the Sisters make no argument that William V. Greene & Associates, Inc. was unjustly enriched. Accordingly, the circuit court did not err in granting summary judgment in favor of William Greene and William V. Greene & Associates, Inc. as to this claim.

Accordingly, the circuit court's August 26, 2022, order is affirmed.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4