# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 8, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER R. STILES,**
**Plaintiff Below, Petitioner**

**vs.) No. 23-ICA-82**      (Cir. Ct. of Jefferson Cnty. No. CC-19-2021-C-177)

**ESTATE OF STANLEY E. STILES,**
**JOHN STEVEN STILES, JOYCE L. RAWN,**
**MARY KATHERINE IAGER, AMY IAGER,**
**E. WILLIAM IAGER, NATHAN IAGER,**
**RACHEL B. ADAMS, MARY K. RAWN,**
**ANNE L. RAWN, JOHN STEVEN STILES, JR.,**
**ADAM STILES, AND MICHAEL STILES,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Christopher R. Stiles ("Petitioner Stiles") appeals from the Circuit Court of Jefferson County's February 5, 2023, order granting summary judgment in favor of the Respondents. The circuit court concluded that Petitioner Stiles' complaint failed to show that a genuine issue of material fact existed regarding his allegations that the decedent lacked testamentary capacity and was the victim of undue influence and/or duress when he signed his last will and testament. The individual Respondents and the Estate filed a joint response brief in support of the circuit court's decision.[1] Petitioner Stiles did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In this will contest, the decedent is Stanley E. Stiles. Petitioner Stiles is one of the decedent's four children. The Respondents include the decedent's remaining three children, his grandchildren, and the representative of his estate. The decedent lived in

---

[1] Petitioner Stiles is represented by Christopher P. Stroech, Esq. The individual Respondents are represented by Richard G. Gay, Esq. The Estate is represented by Kenneth J. Barton, Jr., Esq.

1

Jefferson County, West Virginia, and passed away on June 29, 2021, at the age of ninety-three. A timeline of events is as follows.

The decedent had a will drafted in 2008, wherein he distributed his and his late wife's belongings to all his children, in similar proportions. The decedent's daughter, Joyce Rawn, was named as the decedent's power of attorney ("POA") from 2006 to April of 2012. Petitioner Stiles was named as his POA on October 24, 2017. A second will was drafted in 2019, by attorneys who had been involved with decedent's estate planning for a significant period of time. The 2019 Will solely benefitted Petitioner Stiles and failed to distribute any of the decedent's real estate to his remaining children or grandchildren. In the fall of 2020, the decedent removed Petitioner Stiles' name from his bank account and added his other son, Respondent Steven Stiles, to the account. On January 6, 2021, the decedent revoked Petitioner Stiles' power of attorney. Then, on February 17, 2021, the decedent retained a new attorney from Miles & Stockbridge for estate planning purposes. On February 25, 2021, Dr. Khalid El-Sayed, at the direction of the decedent's new attorney, performed a forensic psychiatric evaluation of the decedent and determined that he had testamentary capacity. On March 2, 2021, Respondent Steven Stiles, Jr., was appointed as the decedent's POA and representative for his living will. The decedent's third and final will was also executed on March 2, 2021. This Will was similar to the 2008 Will, wherein most of the decedent's property was distributed to his remaining children and grandchildren, except that little was left to Petitioner Stiles because he had already received his inheritance.[2] None of the parties to this action were present at the signing of the 2021 Will.

The 2021 Will was admitted to probate without protest and was later recorded. However, after realizing that he would not inherit or be able to purchase the seventeen acres that the decedent occupied until his death, Petitioner Stiles sought to impeach the 2021 Will, arguing that the decedent lacked testamentary capacity and was the victim of undue influence and duress caused by his siblings, the Respondents. Petitioner Stiles filed his complaint on December 1, 2021. The decedent's estate filed its answer on December 29, 2021, and the remaining Respondents filed their answer on March 1, 2022. Shortly thereafter, Petitioner Stiles filed answers to the Respondents' interrogatories, which included text messages between the other siblings that Petitioner Stiles viewed as "colluding" against him. On November 21, 2022, the individual Respondents filed their

---

[2] Petitioner Stiles had already been gifted by the decedent a 170+ acre farm, a septic seepage business which had earnings of approximately $70,000.00 per year, and full ownership of Riggs & Stiles, one of the decedent's companies. The decedent had told multiple people (including his doctor and attorneys) that Petitioner Stiles had already received his inheritance. Further, Petitioner Stiles admitted in his answers to interrogatories that he had received everything the decedent stated that he had already received as his inheritance.

joint motion for summary judgment, asserting that there were no genuine issues of material fact regarding Petitioner Stiles claims that the decedent lacked testamentary capacity or was the victim of undue influence.

On November 21, 2022, the estate joined with the other Respondents in their motion for summary judgment. Petitioner Stiles filed a response to the motion for summary judgment on December 8, 2022. On December 21, 2022, Petitioner Stiles filed a motion to reopen discovery based on newly discovered text messages between his siblings. The circuit court entered its Order Granting Summary Judgment on February 5, 2023. The circuit court found that Petitioner Stiles failed to show that a genuine issue of material fact existed regarding the decedent's testamentary capacity and whether the decedent was subjected to undue influence and/or duress.

The circuit court found that Dr. El-Sayed, the forensic psychiatrist, as well as the attorneys who assisted in drafting the 2021 Will, determined that the decedent had the testamentary capacity. The order further found that J. Stephen McAuliffe, III, Esq., one of the attorneys who helped draft the will, as well as the forensic psychiatrist, heard the decedent tell Petitioner Stiles that he had already received his inheritance. Additionally, the circuit court found that Dr. Cathy Funk, the decedent's treating physician, believed the decedent was competent each time she saw him between July of 2018 and May of 2021. Dr. Funk stated that the decedent showed no signs of dementia and was mentally competent to decide where he wanted to go for his final days before passing. Petitioner Stiles presented no expert testimony to refute any evidence presented by the respondents. Petitioner Stiles now appeals the February 5, 2023, order and argues that the circuit court erred in granting summary judgment to the Respondents.

We review a circuit court's entry of summary judgment *de novo*. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed.l Ins. Co. of N.Y.*, 148 W. Va. 160, 133 S.E.2d 770 (1963). Additionally, a circuit court is not to substitute its judgment for that of a jury. "The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined." *Id*. at 160, 133 S.E.2d at 772, Syl. Pt. 5.

Petitioner Stiles raises three assignments of error on appeal, which we will address in turn. First, Petitioner Stiles asserts that the circuit court erred in granting summary judgment on his claim that the decedent lacked testamentary capacity when he executed his 2021 Will. Upon review, we disagree.

The Supreme Court of Appeals of West Virginia has held that testamentary capacity merely requires one "to understand the nature and consequences of his act, the property to be disposed of, and the objects of his bounty." Syl. Pt. 1, *Payne v. Payne*, 97 W. Va. 627,

3

125 S.E. 818 (1924). Further, "[g]reater mental capacity is required to execute a deed or contract than a will." Syl. Pt. 4, *Prichard v. Prichard*, 135 W. Va. 767, 65 S.E.2d 65 (1951). Additionally, "[t]he time to be considered in determining the capacity of the testator to make a will is the time at which the will was executed." Syl. Pt. 3, *Frye v. Norton*, 148 W. Va. 500, 135 S.E.2d 603 (1964).

Evidence was presented below that the forensic psychiatrist, the decedent's attorneys, the individual Respondents, and the decedent's treating physician believed the decedent to have testamentary capacity. The Supreme Court of Appeals of West Virginia has held, "The testimony of an attending physician or the lawyer who drafted the will is [. . .] entitled to great weight on the question of mental capacity." *Floyd v. Floyd*, 148 W. Va. 183, 196-97, 133 S.E.2d 726, 734 (1963). *Floyd* further says, "[a]lthough such evidence in favor of a will is not conclusive, it must be clearly outweighed by other evidence in order to support a verdict against the validity of the will." *Id*. at 184, 133 S.E.2d at 728, Syl. Pt. 3. In the present case, the record reflects that Petitioner Stiles merely presented testimony of himself, his wife, and his son. He chose not to depose or rebut any of the Respondents' expert witnesses with his own expert witness. Thus, the circuit court did not err when it held that the experts' evidence was not outweighed and by granting summary judgment on this issue.

As his second assignment of error, Petitioner Stiles asserts that the circuit court erred in granting summary judgment on his claim that the decedent was unduly influenced and/or under duress when he executed his 2021 Will. Upon review, we disagree. Our Supreme Court of Appeals has held that "[u]ndue influence, to invalidate a will, must be such influence as destroys the free agency of the testator and, in legal effect, amounts to force and coercion." Syl. Pt. 14, *Ritz v. Kingdon*, 139 W. Va. 189, 79 S.E.2d 123 (1953). Further, *Frye* states, "[i]n an action to impeach a will the burden of proving undue influence is upon the party who alleges it and mere suspicion, conjecture, possibility or guess that undue influence has been exercised is not sufficient to support a verdict which impeaches the will upon that ground." Syl. Pt. 5, *Frye v. Norton*, 148 W. Va. 500, 135 S.E.2d 603 (1964). In the present case, the decedent's treating physician testified in her affidavit that the decedent was of sound mind and fully competent each time she visited him in his home, that he had no symptoms of dementia or neurological brain disorders, that he was alert and oriented, and that he was fully competent even during his last hospital stay prior to his death. In contrast, Petitioner Stiles produced only broad statements about his suspicions that the decedent had been unduly influenced and even testified that he was "speculating" that the decedent had been subject to duress. Petitioner Stiles' mere suspicions were insufficient to create a genuine issue of material fact. As such, we find no error in the circuit court's granting of summary judgment on the issue of undue influence.

As his third assignment of error, Petitioner Stiles asserts that the circuit court erred when it refused to reopen discovery and permit him to engage in continued depositions of the individual respondents based upon their supplemental discovery responses. In support

4

of his argument, he states that he received many additional text messages that had been exchanged between the Respondents, many of which were blurry but revealed evidence of collusion between the siblings, and that additional time and further discovery were necessary. Upon review, we find that this argument lacks merit. Rule 56(f) of the West Virginia Rules of Civil Procedure states,

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Regarding Rule 56(f), our Supreme Court has held that,

> [w]here a party is unable to resist a motion for summary judgment because of an inadequate opportunity to conduct discovery, that party should file an affidavit pursuant to W. Va. R. Civ. P. 56(f) and obtain a ruling thereon by the trial court. Such affidavit and ruling thereon, or other evidence that the question of a premature summary judgment motion was presented to and decided by the trial court, must be included in the appellate record to preserve the error for review by this Court.

Syl. Pt. 3, *Milmoe v. Paramount Senior Living at Ona, LLC*, 247 W. Va. 68, 77, 875 S.E.2d 206, 215 (2022) (citing Syl. Pt. 3, *Crain v. Lightner*, 178 W. Va. 765, 364 S.E.2d 778 (1987). In the case at bar, Petitioner Stiles has failed to direct this Court to any affidavit in the record regarding the need for additional discovery pursuant to West Virginia Rule of Civil Procedure 56(f).

Accordingly, we affirm the circuit court of Jefferson County's February 5, 2023, order.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear